WINFRED FARMERS COMPANY, Respondent, v. SMITH, Appellant.

(199 N. W. 477.)

(File No. 5568.   Opinion filed June 26, 1924.)

Licenses—Blue Sky Law—Estoppel—Corporations—One Sued on Note for Stock Accepting Dividends and Attending Meetings Estopped to Deny He Was Stockholder, on Ground that "Blue Sky Law" Not Complied With.

In a suit by a corporation against a stockholder on a note for new stock, where defendant subscribed for stock, attended meetings, received dividends, and was present at a meeting at which the increase of stock was voted, he was estopped to deny that he was a stockholder on the ground that the Blue Sky Law was not complied with, in view of Rev. Code 1919, Sec. 10129, providing it should not apply to an increase of stock sold to stockholders, and the fact that it did not contain the provision of section 10146, as added by Laws 2d Sp. Sess. 1920, c. 82, Sec. 4, making void contracts, etc., given for stock sold in violation of law.

Appeal from Circuit Court, Miner County; Hon. Alva E. Taylor, Judge.

Action by the Winfred Farmers' Company against John A. Smith. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Johnson & Simons,* of Sioux Falls, for Appellant.

*Ira F. Blewitt,* of Madison, for Respondent.

Appellant cited: Sec. 2, Chapter 319, Session Laws 1913; Sec. 4, Chapter 82, Session Laws 1921; Brown v. Kossove, 255 Fed. 806; Citizens State Bank of Newton, Iowa, v. Rowe (S. D.), 153 N. W. 939; Johnson v. Berry (S. D.), 104 N. W. 1114; Vol. 5, Fletcher on Corp. 5765; 14 C. J. Sec. 693; Attorney General v. Mass. Pipe Line Gas Co. (Mass)., 60 N. E. 389; Heide v. Capital Securities Co. (Ala.), 76 So. 313; Rhines v. Skinner Pack. Co. (Neb.), 187 N. W. 874; Dixie Rubber Co. v. McBee (Tex.), 235 S. W. 363; Levy v. City of Kansas City (Kan.), 168 Fed. 524, 22 L. R. A. (N. S.) 862.

Respondent cited: Vol. I, Cook on Corporations, 8th Ed., Sec. 288; Pullman v. Upton, 95 U. S. 665, 24 L. ed. 818; 96 U. S. 328; 7 R. C. L. Sec. 235; Cravens v. Eagle, 16 A. S. R. 298, 21 N. E. 891; Page v. District Court, 169 Pac. 1180, 41 Pac. 895; Miller v. Chicago & N. W. Ry. Co., 113 N. W. 384; 36 Cyc. 1226; Bauch v. Whitehouse, 134 N. W. 71, 28 S. D. 515; Schiller Piano Co. v. Hyde, 39 S. D. 74, 162 N. W. 937; Wight v. Shelby R. Co. (Ky.), 63 Am. Dec. 522; Sherman v. Smith, 169 N. W. 216.

GATES, J. Plaintiff is a South Dakota corporation for profit organized in 1913 with a capital stock of $30,000, each share then being of the par value of $25. One share of stock was issued to defendant in June, 1914. In July, 1920, the capital stock was enlarged to $65,000 and the par value of the stock raised to $100 per share. In 1919 defendant subscribed for 10 shares of the proposed new stock and gave his promissory note for $975. The share of original stock was applied to make up the total sum of $1,000. This is an action brought to recover upon said note. There was judgment for plaintiff, from which, and from an order denying new trial, defendant appeals.

At the time appellant became a stockholder in 1914, the so-called "Blue Sky Law," chapter 319, Laws 1913, was in force, but had not been complied with. At the time appellant subscribed for the new stock and gave the said promissory note, the act had not been complied with, but section 10129, Rev. Code 1919, provided that the act should not apply to an increase of stock sold and issued to stockholders.

The essence of appellant's contention is that he was not a stockholder because the act was not complied with when the one $25 share of stock was issued to him. That is the real and only point worthy of consideration upon this appeal. From June, 1914, to June, 1919, appellant attended generally the stockholders' meetings; he received dividends upon his one share of stock; he was present at the meeting of June 26, 1920, at which the increase of stock was voted, and knew that respondent relied upon his subscription for the additional stock as a valid asset of the corporation. We are of the opinion that these matters estopped appellant from asserting that he was not a stockholder of the corporation at the time he gave the note in suit. Schiller Piano Co v Hyde 39 S. D. 74, 162 N. W. 937. The act of 1913 did not contain the provision enacted by section 4, c. 82, Sp. Session 1920, as new section 10146, to the effect that contracts and evidences of indebtedness or obligations incurred given for stocks or obligations sold in violation of law were void, etc. It is unnecessary to decide, and we do not decide, in what situation appellant would have been had such provision been in force when he purchased the one share in 1914.

The judgment and order appealed from are affirmed.

Note.—Reported in 199 N. W. 477. See, Headnote, American Key-Numbered Digest, Licenses, Key-No. 39, 14 C. J. Sec. 1003 (1925 Anno.).

On validity, interpretation of Blue Sky Laws generally, see notes in 15 A. L. R. 262, 24 A. L. R. 524, and 27 A. L. R. 1169.