# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

HANCOCK, Respondent, v. FREDERICK CO-OPERATIVE MERCANTILE COMPANY, Appellant.

## (201 N. W. 714.)

(File No. 5434.   Opinion filed December 31, 1924.)

1. **Corporations—Stockholders' Liability—Purchaser of Stock from Foreign Corporation Cannot, as Against Its Subsequent Creditors, Resist Assessment, Because Corporation, No Right to Sell in State.**

   As against subsequent creditors of foreign corporation, a purchaser of its stock cannot assert invalidity of the sale, and consequent nonliability for assessment under Constitution of incorporating state, because the corporation did not take steps giving it right to do business or sell the stock in this state.

2. **Judgment—Constitutional Law—Full Faith and Credit to Be Given Judgment of Lower Court of Another State Not Set Aside or Appealed From.**

   Under Rev. Code 1919, Sec. 2719, and Const. U. S., Art. 4, Sec. 1, full faith and credit must be given to judgment of district court of another state, never vacated or appealed from; its jurisdiction of the subject matter not being questioned, and it being shown that all steps requisite to the court's jurisdiction to enter the judgment were taken.

Appeal from Circuit Court, Brown County; Hon. Robert D. Gardner, Judge.

Action by George W. Hancock, receiver of the Co-operative Wholesale Society of America, against the Frederick Co-operative Mercantile Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Thomas L. Arnold,* of Aberdeen, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

1—Vol. 48, S. D.

(1)   To point one of the opinion, Respondent cited:   Abby
v. Grimes, (Kans.) 24 Pac. 426; Hanson v. Davision, (Minn.)
76 N. W. 524; Whitman v. National Bank, (U. S.) 176 Sup. Ct.
Rep. 558.

(2)   To point two, Respondent cited:   Hancock National
Bank v. Farnum, 176 U. S. 640; S. D. Revised Code 1919, Sec.
2719.

POLLEY, J.   The Co-operative Wholesale Society of Am-
erica is a corporation organized and existing under the Constitu-
tion and laws of the state of Minnesota, and the Frederick Co-
operative Mercantile Company, defendant herein, is a domestic
corporation.   On the 15th day of February, 1919, defendant pur-
chased from the Minnesota corporation 10 shares of its capital
stock of the par value of $100 per share, and for which it paid
$1,000 in cash.   On the 1st day of October, 1921, a judgment was
entered in the district court of Ramsey county, Minn., adjudging
the said Minnesota corporation insolvent, and appointing George
W. Hancock, plaintiff herein, as receiver of said corporation, with
the ordinary powers and duties of receivers of insolvent concerns.

Section 3 of article 10, Constitution of Minnesota, reads as
follows:

"Each stockholder in any corporation, excepting those organ-
ized for the purpose of carrying on any kind of manufacturing or
mechanical business, shall be liable to the amount of stock held
*  *  *  by him."

Pursuant to petition filed in said district court of Ramsey
county, the said district court made an order fixing the amount of
the liability of the stockholders in the said insolvent corporation at
100 per cent of the par value of the capital stock held by them, and
ordered and directed the said receiver to proceed to collect said
amount from such stockholders wherever found.   It was pursu-
ant to such order that this action was commenced.   Findings of
fact, conclusions of law, and judgment were for plaintiff, and de-
fendant appeals.

[1]   It is contended by appellant that the Minnesota corpor-
ation had not, prior to the sale of the stock to appellant, nor at
all, complied with laws of this state, either by filing its articles
of incorporation with the secretary of state of this state, nor by

securing permission from the state securities commission to sell stock in this state; that therefore the attempted sale of said stock to defendant is void; and that appellant never in fact became a stockholder in said company, and for that reason is not liable as a stockholder. However potent this argument might be in an action between the Minnesota corporation and the appellant to recover the purchase price of the said stock, or to rescind the purchase thereof, it is without weight in this action. If said sale was illegal, appellant was a party to such illegal transaction, and cannot take advantage thereof in an action on behalf of the creditors of said corporation. Winfred Farmers' Co. v. Smith, 47 S. D. 498, 199 N. W. 477. For more than two years prior to the commencement of this action appellant assumed to be a stockholder in said corporation. Because of its ownership of capital stock in said corporation one of its own officers was elected a member of the board of directors of said Minnesota corporation. This officer attended meetings of the directors of said corporation and took part in the direction of the affairs of that company. If the business of said company had prospered, appellant would have been entitled to and no doubt would have received dividends.

When appellant purchased the stock in question, it took the same, subject to the Constitution and laws of Minnesota. Such Constitution and laws entered into the contract of purchase, and by such contract defendant became liable to the creditors of said corporation to the extent of the par value of the stock purchased. Indeed such liability is incident to the ownership of capital stock in that class of corporation. Parties dealing with and extending credit to the Minnesota corporation, after defendant became a stockholder in the corporation, had a right to rely upon defendant, to the extent of the par value of the stock owned by defendant, for the payment of said corporation's debts, and it is not material whether the Minnesota corporation had complied with the South Dakota corporation laws.

[2] Some question is raised by appellant as to the validity of the order of the district court whereby the Minnesota corporation was adjudged insolvent and the receiver appointed. That the district court had jurisdiction of the subject-matter is not questioned, and the evidence shows that all steps requisite to the jurisdiction of the court to enter the judgment were taken.

This judgment was never vacated or appealed from, and it is the duty of the courts of this state under the Constitution and laws, both federal and state, to give it full faith and credit. Section 2719, R. C. 1919; section 1, art. 4, Const. U. S.; Hancock National Bank v. Farnum, 176 U. S. 640, 20 S. Ct. 506, 44 L. ed. 619.

We are fully satisfied that the findings and judgment are supported by competent evidence.

The judgment and order appealed from are affirmed.

DILLON, J., not present.

Note.—Reported in 201 N. W. 714. See, Headnote (1), American Key-Numbered Digest, Corporations, Key-No. 262(1), 14 C. J. Sec. 1722; (2) Judgment, Key-No. 815, 34 C. J. Sec. 1608.

On consideration by Federal Supreme Court of questions relating to full faith and credit provision in reviewing judgment of state court, see note in 63 L. R. A. 580.