### No. 29,174.

THE WICHITA DUNTILE COMPANY, *Appellee*, v. JOHN R. WRIGHT et al., *Appellants*; ROSS ARNOLD et al., *Defendants*.

(285 Pac. 635.)

Opinion filed March 8, 1930.

*O. A. Keach,* of Wichita, for the appellants.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison* and *Getto McDonald,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to quiet title to certain real property in Wichita. Judgment was rendered in favor of the plaintiff, and John R. Wright and his wife and Grant Arnold and his wife, defendants, appeal.

These defendants filed an answer in which they denied the plaintiff had any title to the property and claimed they held the title, and alleged—

"That the organizers and promoters of the said alleged corporation attempted to organize a corporation, the prime and necessary object of which was to sell or dispose of speculative securities; that all of its stock consisted of speculative securities; that it attempted and purported to dispose of said speculative securities without complying with the provisions of the so-called blue-sky law of the state of Kansas, and in violation of said law." ·

The plaintiff filed a reply in which it set out the details of the transaction by which the appellants agreed to convey the property to the plaintiff under certain conditions set out in an escrow agreement between the appellants and the plaintiff as follows:

"It is hereby agreed between John R. Wright and Grant Arnold, parties of the first part, and the Wichita Duntile Company, party of the second part, that with reference to a transaction entered into on this date, the party of the first part have deeded to the party of the second part, the following-described property: the west 160 feet of lot 3, block 6, on Mead avenue in Perry's addition to the city of Wichita; that the same is issued in consideration of seven shares of preferred stock and seven shares of common stock in the Wichita Duntile Company, stock to be issued, three and one-half shares of each to John R. Wright and three and one-half shares of each to Grant Arnold.

"It is further agreed that said stock is to be placed with the deed to the above property in the Fourth National Bank of Wichita, Kansas, and that as soon as the second party is in operation, operating its machinery and doing business in making the materials for which the company is organized, the deed is to be turned over to the party of the second part, and the stock turned over to the parties of the first part.

"It is further agreed that if the plant is not in operation by the first of May, 1926, that the party of the first part shall have the option of withdrawing said deed and turning the stock back to the party of the second part.

"It is further agreed that the conditions of the transfer of the stock and the deed are dependent upon the ability of the parties hereto to straighten out the matter with reference to the mortgage held by Carl Woltz, which is now in the sum of approximately eight hundred eighty ($880) dollars, which said mortgage is past due."

The appellants contend that the transaction between them and the plaintiff was void because the stock transferred was what is denominated as speculative securities under section 17-1202 of the Revised Statutes and that no permit had been secured from the bank commissioner to sell such securities. To meet this contention the plaintiff pleaded and now argues that the appellants by their conduct are estopped from saying the transaction was void.

The evidence tended to prove that the plaintiff paid a substantial amount on the mortgage mentioned in the escrow agreement, paid taxes on the land in controversy, constructed a building thereon, and installed machinery therein.

The plaintiff introduced in evidence the following record of the minutes of the plaintiff corporation:

"MAY 27, 1926.

"Annual stockholders' meeting of the Wichita Duntile Company, held at 1113 Bitting Bldg., for the purpose of electing directors for the ensuing year and for such other business as might properly come before the meeting. Meeting called to order by president.

"The following stock was represented in person: Theo Smith, 158 shares; W. E. Craiglow, 65 shares; L. E. Morris, 10 shares; J. R. Wright, 3½ shares; H. E. Tavender, 5 shares. By proxy: Theo Smith, 19 shares; W. E. Craiglow, 5 shares.

"Minutes of the first stockholders' meeting were read and approved. The meeting was open to discussion and after general discussion the motion was in order for election of board of directors for the ensuing year. J. R. Wright moved that the regular methods be suspended and that the secretary be instructed to cast a unanimous ballot for the members of the present board; with the exception of M. D. Craiglow, and that Dr. H. L. Mills fill that vacancy. . . . "

Under the circumstances disclosed by the evidence, the defendants John R. Wright, Ada H. Wright, Grant Arnold and Effie C. Arnold are estopped from claiming title to the real property as against the plaintiff. Although not directly in point, *Wickersham v. Chicago Zinc Co.*, 18 Kan. 481; *McKinnis v. Mortgage Co.*, 55 Kan. 259, 39 Pac. 1018; and *Burgess v. Hixon*, 75 Kan. 201, 88 Pac. 1076, give some support to the conclusion reached by this court. (See, also, 21 C. J. 1206.)

Another proposition argued by the appellants is that the conditions of the escrow agreement were not complied with in that the plant was not in operation by May 1, 1926. There was evidence which tended to prove that a building had been erected, or partially erected, that machinery had been installed, and that some of the material sought to be produced had been manufactured and sold before May 1, 1926. There was evidence which tended to prove that the plant was in operation, although its operations were limited.

The judgment is affirmed.

JOCHEMS, J., not participating.