347 P.2d 553

**Dee SCHVANEVELDT, Plaintiff and Respondent,**

**v.**

**NOY–BURN MILLING & PROCESSING CORPORATION et al., Defendants and Appellants.**

No. 9031.

Supreme Court of Utah.

Dec. 16, 1959.

Gordon A. Madsen, Salt Lake City, for appellant.

Richards, Bird & Hart, Lon Rodney Kump, Salt Lake·City, for respondent.

CALLISTER, Justice.

Plaintiff brought this action under the Utah Securities Act[1] to recover the purchase price paid for shares of stock in defendant Noy-Burn Milling & Processing Corporation, a Utah corporation. The individual defendants are officers or agents of Noy-Burn who participated in the sale. The trial court, sitting without a jury, awarded judgment for the plaintiff, and defendants appeal.

It is the contention of the defendants that plaintiff was an "insider" and promoter of Noy-Burn and thus should be precluded from recovery. It has been held

---

1. Section 61–1–25, U.C.A.1953 provides: "Every sale or contract for sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser, and the person making such sale or contract for sale and every director, officer or agent of or for such seller who shall have participated or aided in any way in making such sale shall, upon tender to the seller of the securities sold or of the contract made, be jointly and severally liable to such purchaser for the full amount paid by him; * * *"

that if a purchaser of stock, sold in violation of a "Blue Sky Law," was a party to the illegality of the transaction, and equally guilty with the seller, he cannot recover.[2] Thus, the sole question presented to the trial court was whether the plaintiff purchaser was in pari delicto with the defendant sellers.

The record discloses that sometime in August, 1955, plaintiff purchased some stock in Epsolon Uranium Company, also a Utah corporation, and was its general manager from December, 1955, to June, 1956. In November, 1955, directors of this corporation advised plaintiff they intended to form a new corporation, Noy-Burn, which was to register its stock with the Utah Securities Commission for public sale and that Epsolon and Noy-Burn would have identical interests.

Upon the solicitation of the defendants, plaintiff entered into a commitment to purchase 15,000 shares of Noy-Burn for the sum of $10,000 and during the months of January and February paid $8,000 towards this commitment. Noy-Burn was not incorporated until February 16, 1956, some of its incorporators (the individual defendants herein) being also directors and officers of Epsolon. The stock of Noy-Burn was never registered with the State Securities Commission.

There was evidence to the effect that plaintiff was promised a directorship in the new corporation; that he attended meetings with directors and officers of Epsolon where the proposed incorporation of Noy-Burn was discussed; and that he encouraged other people to purchase Noy-Burn stock, and, in fact sold some of his stock, knowing that it was not registered.

We agree with the trial court that the facts in the instant case do not preclude recovery by the plaintiff. The Utah Securities Act was enacted to impose a penalty upon the seller, and not upon the purchaser, where stock is sold without compliance with its provisions and a purchaser should not ordinarily be held in pari delicto with the seller unless equally culpable.[3]

Judgment affirmed. Costs to respondent.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

---

2. 53 C.J.S. Licenses § 77, p. 787 and cases cited therein.

3. Fletcher, Cyclopedia of Corporations, Perm.Ed., Vol. 14, § 6764.