122 So.2d 247 (1960)
Gwenn POPPER, Appellant,
v.
HAVANA PUBLICATIONS, INC., a Corporation Organized and Existing under the Laws of the State of Florida, and Emanuel Marlis, Appellees.
No. 59-613.
District Court of Appeal of Florida. Third District.
July 29, 1960.
*248 L.J. Cushman, Miami, for appellant.
Anderson & Nadeau, Miami, for appellees.
CARROLL, CHAS., Judge.
The appellant Gwenn Popper filed an action in the circuit court for recovery of the price she had paid for stock allegedly sold to her in violation of the Florida "Blue Sky" law, Chapter 517, Fla. Stat., F.S.A.
Section 21 of that chapter (§ 517.21, Fla. Stat., F.S.A.) provides that sales made in violation of the provisions of that law shall be voidable at the election of the purchaser and that such action for the recovery of the purchase price may be brought within two years. In the instant case the illegality was alleged as follows:
"That defendant, Havana Publications, Inc., never did register its said corporate stock, nor the right to subscribe to said stock, with Florida Securities Commission, and said stock was not an exempt security, and said sale thereof to plaintiff was not an exempt transaction."
Defendants' answer denied illegality, claimed an exemption under the statute, and pleaded estoppel. The last-mentioned defense was sustained on trial and the cause was dismissed, the court finding "that the plaintiff, by reason of her direct participation in the corporation as an officer and director, and her control over the disposition of the corporation funds after becoming a stockholder, that she is estopped to maintain this action."
The primary question presented for decision on this appeal is whether the right conferred by this statute upon the purchaser to rescind the sale of stock and recover the consideration she paid therefor is absolute or is subject to the interposition of a defense such as estoppel to defeat recovery.
While estoppel is generally not recognized as a defense under statutes of this type which provide that a sale made in violation of its provision is void as distinguished from voidable (see Loss & Cowett, Blue Sky Law 166-170 (1958), the weight of authority appears to recognize the availability of estoppel as a defense under a statute such as that involved here by which such sales are not made void but voidable at the election of the purchaser. This precise question does not appear to have been passed on by our Supreme Court. The majority of the cases, and we feel the better reason, hold that under statutes worded as the Florida Statute is framed, estoppel may be a defense, and we follow and apply that rule in this case. See De Lamar Mines of Montana v. Mackay, 9 Cir., 1939, 104 F.2d 271; Fitch v. United Royalty Co., 143 Kan. 486, 55 P.2d 409; Schrier v. B and B Oil Company, 311 Mich. 118, 18 N.W.2d 392; Moore v. Manufacturers Sales Co., 335 Mich. 606, 56 N.W.2d 397; De Polo v. Greig, 338 Mich. 703, 62 N.W.2d 441; Thomas v. United Royalty Co., 180 Okla. 230, 68 P.2d 490. Cf. Westhusin v. Landowners' Oil Ass'n, 143 Kan. 404, 55 P.2d 406; Brown Memorial Foundation v. Rohrer, 152 Kan. 291, 103 P.2d 814; Kaye v. Sunbeam *249 Quarries Co., 258 Ky. 190, 79 S.W.2d 700; Farrar v. Hood, 56 N.M. 724, 249 P.2d 759; Farmers' Union Co-Operative Royalty Co. v. Little, 182 Okla. 178, 77 P.2d 33; Good v. Starker, 216 Wis. 253, 257 N.W. 299.
No useful purpose would be served by a discussion of the facts and circumstances of the case as disclosed by the record here. Upon considering the matters found to constitute estoppel in this case, in the light of the applicable authorities referred to above, we are impelled to conclude that the trial judge was eminently correct in sustaining that defense and granting judgment thereon, and that the appellant failed to demonstrate error.
Affirmed.
HORTON, C.J., and PEARSON, J., concur.