148 So.2d 53 (1962)
James L. HARRISON and C.D. Harrison, Jr., Appellants,
v.
Spencer McCOURTNEY, Appellee.
No. 3143.
District Court of Appeal of Florida. Second District.
December 28, 1962.
Rehearing Denied January 16, 1963.
*54 Curtis J. Timm (of Icard, Merrill, Cullis & Timm), Sarasota, for appellants.
I.R. Ludacer (of Harkavy, Doyle, Feigin, Hasson & Ludacer), Sarasota, for appellee.
SMITH, Judge.
The appellants, who were the defendants below, appeal from a summary judgment entered for the plaintiff, appellee here. The action, brought under § 517.21, Florida Statutes,[1] was for recovery of the amount paid by the plaintiff for stock of the corporate defendant, sold by the individual defendants allegedly in violation of the "Blue Sky Laws", Chapter 517, Florida Statutes.
The plaintiff's amended complaint contained the following allegations: That the individual defendants were the owners (together with their father) of all of the authorized and issued capital stock of the corporate defendant and that they constituted *55 all of the officers and directors of the corporation; that the plaintiff contacted the defendant, C.D. Harrison, Jr., advising him that the plaintiff was interested in investing in the corporation and was willing to pay the sum of $10,000.00 for twenty per cent of the stock of the corporation; that the individual defendants did thereafter each sell to the plaintiff fifteen shares of the stock of the corporation for $5,000.00 each and that they did immediately loan the monies received to the corporation; that the securities sold were neither registered nor qualified; that the sale was for the direct or indirect benefit of the corporate defendant in direct violation of the provisions of Chapter 517, Florida Statutes; that the plaintiff elected to void the transaction and that, although the plaintiff had made demand for the return of the sums of money paid for the stock and tendered the stock to the defendants, they had failed and refused to return the monies; and that the plaintiff demanded judgment against the individual defendants and demanded reasonable attorney's fees.
The answer of the defendants, in effect, admitted the sale of the securities and the loans to the corporation, but denied that the sale was in violation of the "Blue Sky Laws." As an additional defense, the defendants alleged that, since the plaintiff had directly participated in the affairs of the corporation for one year, and since the plaintiff had full knowledge of all pertinent facts, he was estopped to assert any violation of the "Blue Sky Laws."
The plaintiff moved for summary judgment, submitting in support thereof the depositions of the parties and contending that there was no genuine issue as to any material fact and that the plaintiff was entitled to summary judgment as a matter of law. In opposition to the motion for summary judgment, the individual defendants each filed his affidavit.
The court entered summary judgment in favor of the plaintiff, finding that the sale of the stock was not an exempt transaction as defined by § 517.06(3), Florida Statutes[2]; that the sale was made by the individual defendants for the direct benefit of the corporate defendant; that the securities were neither registered nor qualified; and that, therefore, the sale was in violation of the "Blue Sky Laws."
Appellants contend that the pleadings, depositions and affidavits reveal a genuine issue as to a material fact; that is, whether or not the sale was for the direct or indirect benefit of the corporate defendant. Furthermore, the appellants say, even if there was no genuine issue as to a material fact, the court erred in determining that the sale was not an exempt transaction within the purview of § 517.06(3), Florida Statutes, but was in violation of the "Blue Sky Laws."
We review the entry of the summary judgment in the light of the well-established principles of law that summary judgment is a drastic remedy to be granted only where the movant is entitled to judgment as a matter of law; that if there is an issue of fact, and the slightest doubt remains, summary judgment should not be granted; that the record supporting summary judgment is closely scrutinized and all inferences of fact from the proofs must be drawn against the movant; and that the court should indulge all proper inferences in favor of the party against whom summary judgment was entered.
The defendants' answer raised the affirmative defense of estoppel. In an action *56 based on § 517.21, Florida Statutes, for the recovery of the amount paid for securities sold in violation of the "Blue Sky Laws," estoppel may be a defense. Popper v. Havana Publications, Inc., Fla.App. 1960, 122 So.2d 247. In the absence of some proof contradicting or denying or in opposition thereto, the mere pleading of this affirmative defense created a genuine issue so as to preclude summary judgment. The movant, plaintiff here, has the burden to show from the pleadings, depositions and affidavits on file that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. The defendants were under no duty to submit evidentiary matter to establish their affirmative defense. Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305.
In examining the depositions and affidavits to determine whether or not the plaintiff carried the burden of demonstrating that there was no genuine issue as to any material fact, with reference to the affirmative defense of estoppel, we note that the individual defendants in their depositions testified in considerable detail on the matter of the plaintiff's direct participation in the affairs and management of the corporation. The plaintiff, in his deposition, admitted some participation, but denied some of the specific facts of participation testified to by the individual defendants. This alone created an issue of fact on the defense of estoppel. Therefore, a full discussion of the facts under dispute by the parties is unnecessary. The record here fails to disclose the lack of a material issue of fact, and we must conclude that the lower court erred in determining that the plaintiff was entitled to a judgment as a matter of law.
Appellants present other interesting questions as to whether or not there were other material issues of fact, but our findings on the one obviate the necessity of considering the others. We expressly refrain from comment on the question as to whether or not the sale of this stock was an exempt transaction, because that also should be determined after trial of the issues.
Appellee's motion for allowance of attorney's fees on the appeal is denied.
The judgment is reversed.
SHANNON, C.J., and ALLEN, J., concur.
NOTES
[1] Section 517.21, Florida Statutes:

"(1) Every sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser; and the person making such sale and every director, officer or agent of or for the seller, if the director, officer or agent shall have personally participated or aided in any way in making the sale, shall be jointly and severally liable to the purchaser in an action at law in any court of competent jurisdiction upon tender of the securities sold or of the contract made, for the full amount paid by such purchaser, with interest, together with all taxable court costs and reasonable attorney's fees; provided, that no action shall be brought for the recovery of the purchase price after two years from the date of such sale and provided further, that no purchaser otherwise entitled shall claim or have the benefit of this section who shall have refused or failed within thirty days from the date thereof to accept an offer in writing of the seller to take back the security in question and to refund the full amount paid by such purchaser, together with interest on such amount for the period from the date of payment by such purchaser down to the date of repayment, * * *."
[2] Section 517.06 Exempt transactions.

"(3) The isolated sale of securities when made by or on behalf of a vendor not the issuer or underwriter thereof, who, being the bona fide owner of such securities disposes of his own property for his own account and such sale is not made directly or indirectly for the benefit of the issuer or an underwriter of such securities or for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of this chapter."