SHANNON, Chief Judge.
The appellants seek review of a summary final judgment in favor of plaintiff-appellee in an action commenced by the filing of a complaint seeking recovery on a series of promissory notes executed by Skaf Jewelers, Inc., and endorsed by George J. Skaf, as well as for merchandise allegedly sold on open account to defendants by plaintiff. Defendants answered, admitting execution of the notes, but denied that they had defaulted under the terms of the notes. They also denied the amount alleged to be due and asserted by way of set-off that, of the amount alleged to be due plaintiff, part of it was for merchandise held by the defendants as memorandum merchandise, and hence was not due and payable. To the plea of set-off the plaintiff filed no responsive answer, but did file a motion for summary judgment accompanied by the affidavit of the president of the plaintiff corporation, which alleged that the defendants were liable on the notes in a certain amount, and in addition, that they owed another certain amount for goods sold by the plaintiff. The affidavit did not specifically deny the asserted claim of set-off. Plaintiff’s motion for summary judgment was granted, followed by final judgment for the full amount claimed. From this final judgment defendants appeal.
 We review this litigation to determine if there is any issue of fact in the case. If there is an issue of fact and the slightest doubt remains, summary judgment should not be granted. The record supporting summary judgment should be carefully searched, and all inferences of fact from the proof submitted must be drawn against the moving party. Conversely, the court should indulge all proper inferences in favor of the party against whom the motion for summary judgment is filed. Harrison v. McCourtney, Fla.App.1962, 148 So.2d 53.
In the Harrison v. McCourtney case, supra, the defendants in their answer raised the question of estoppel. This court held that in the absence of any proof contradict *262 ing or denying such alleged defense, the mere pleading of the same created a genuine issue so as to preclude summary judgment. Judge Smith, writing for the court, said :
“The defendants’ answer raised the affirmative defense of estoppel. In an action based on § 517.21, Florida Statutes, for the recovery of the amount paid for securities sold in violation of the ‘Blue Sky Laws,’ estoppel may be a defense. Popper v. Havana Publications, Inc., Fla.App.1960, 122 So.2d 247. In the absence of some proof contradicting or denying or in opposition thereto, the mere pleading of this affirmative defense created a genuine issue so as to preclude summary judgment. The movant, plaintiff here, has the burden to show from the pleadings, depositions and affidavits on file that there is no genuine issue as to any material fact and that the movarit is entitled to a judgment as a matter of law. The defendants were under no duty to submit evidentiary matter to establish their affirmative defense. * ?}c #
Set-off, like estoppel, is an affirmative defense, which must be plead, and which must exist in favor of the defendant in the same .right in which he is sued. See Nusbaum v. Riskin, Fla.App.1961, 136 So.2d 1; and Coffin v. Talbot, 1933, 110 Fla. 131, 148 So. 184. It appears from the record and the briefs of the parties that it is only necessary for us to study the complaint, the answer, and plaintiff’s affidavit in support of its motion for summary judgment. From these instruments it appears that the plea of set-off is a proper defense against the plaintiff in this case, it being the payee of the notes. See Emile v. First National Bank of Miami, Fla.App.1961, 126 So.2d 305; Warring v. Winn-Dixie Stores, Fla.App.1958, 105 So.2d 915;. and Coffin v. Talbot, supra.
The affidavit submitted by plaintiff in its motion for summary judgment makes no attempt to refute the set-off plead in the answer, and we therefore conclude that there is a genuine issue as to material fact.
The judgment is reversed.
ALLEN and WHITE, JJ., concur.