HORTON, Judge.
The appellant was charged in five infor-mations with the unlawful and felonious sale to named persons of unregistered securities of the Largo Loan Company, Inc., a Florida corporation, in violation of the Uniform Sale of Securities Law, Chapter 517, Fla.Stat., F.S.A. He pleaded not guilty to each charge, was tried before a jury, found guilty, and placed on probation for seven years. Adjudication of guilt the imposition of sentence were withheld. These appeals seek review of the order of probation. We reverse.
The following facts were brought out at the trial. During the year 1958, the appellant, as secretary of the Largo Loan Company, a small loan company, issued and sold negotiable promissory notes in varying amounts to several named persons. These notes were payable on or before twelve months after date of issue with interest at 10% per annum. Subsequently, at conferences with officials of the Florida Securities Commission and the State Comptroller’s office, the appellant learned that the law was about to be changed reducing the rate of interest payable by small loan companies on their indebtedness from ten to eight per cent. Accordingly, on May 6, 1959, appellant directed a letter to the holders of outstanding Largo Loan Company notes, advising them of the prospective change in interest rates and informing them that the corporation would like to issue renewal notes in the place and stead of its outstanding notes. The letter explained that the renewal notes would be payable on or before eight months after demand and bear interest at a rate of 10% per annum, whereas any new obligations of the corporation could only bear interest at the rate of 8%. The letter also advised the noteholders that the company was in the process of converting into a stock company. Ultimately a number of renewal *873 notes were issued by the appellant, each payable “on or before eight months after demand,” and hearing interest at a rate of 10% per annum. None of the renewal notes were registered in the office of the Florida Securities Commission pursuant to the terms of Chapter 517, supra.
Section 517.05, Fla.Stat., F.S.A., provides :
“Exempt securities. Except as otherwise expressly provided, the provisions of this chapter shall not apply to any of the folloiving classes of securities :
* * * * * *
“(9) Negotiable promissory notes or commercial paper; provided, that such issue of notes or commercial paper matures in not more than twelve months from the date of issue and shall be issued within three months after the date of sale. * * * ” [Emphasis supplied]
Section 517.06, Fla.Stat., F.S.A., provides :
“Exempt transactions. Except as hereafter expressly provided, the provisions of this chapter shall not apply to the sale of any security in any of the following transactions:
‡ 5fi * i]« *
“(4) The distribution by a corporation, actively engaged in the business authorized by its charter * * * or the issuance of securities to the security holders or other creditors of a corporation in the process of a bona fide reorganization of such corporation made in good faith and not for the purpose of avoiding the provisions of this chapter, either in exchange for the securities of such security holders or claims of such creditors * * [Emphasis supplied]
Section 517.07, Fla.Stat., F.S.Á., provides :
“Registration of securities. No securities except of a class exempt under any of the provisions of § 517.05 or unless sold in any transaction exempt under any of the provisions of § 517.06 shall be sold within this state unless such securities shall have been registered as hereinafter defined. * * * ” [Emphasis supplied]
Among the charges requested by appellant’s counsel at the conclusion of the trial was one encompassing the terms of § 517.-06(4), supra, insofar as they were applicable to the case at bar.[1] The trial judge refused to give such a charge and instead charged inter alia the jury as follows:
“The question is did he sell these securities which were not exempt under the law, and I am holding that they were not exempt as a matter of law.”
The appellant contends it was error to refuse his requested charge, since he was entitled to a jury determination on the question of whether or not the renewal notes were issued in connection with a bona fide reorganization and therefore constituted an exempt transaction under the terms of § 517.06(4), supra. We find this contention has merit.
It is apparent from the record as a whole, and the order denying the appellant’s motion for a new trial in particular, that the trial judge concluded that *874 since the renewal notes were payable “on or before eight months after demand,” they were not exempt securities under the twelve-month maturity provisions of § 517.-05(9), supra. It is also apparent that he concluded that no transaction could be exempt under the terms of § 517.06(4), supra, unless the securities therein involved were themselves exempt under the terms of § 517.05(9), supra. These conclusions prompted the charge given and the denial of the requested charge.
The parties have not directed our attention to any Florida decisions construing the sections of the statute in question, and our independent research has disclosed none.
Section 517.05, supra, deals with exempt securities, and § 517.06, supra, deals with exempt transactions. An exempt transaction conceivably could involve securities which, but for the nature of the transaction, would be required to be registered. With the exception of § 517.06(9), supra,[2] which deals with a specified type of transaction similar to but not the same as the one involved here, we find nothing in these sections which could be construed as requiring that for a transaction to be exempt it must necessarily involve exempt securities. If the legislature had intended this to be the case they would have so provided. As written, § 517.05 exempts certain transactions from the provisions of the act whether the securities involved are exempt or non-exempt.
We feel that the appellant was deprived of a defense, which he was by statute entitled to urge, by the failure of the trial court to give the charge requested.[3] Whether or not this defense was proved would, of course, be a question for the jury.
Accordingly, the order appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.
KANNER, A. C. J., and WHITE, J., concur.

. The requested charge read as follows: “I further charge you that the issue of a security or securities by a corporation in the process of a bona fide reorganization of such corporation may be an exemption transaction, and therefore the securities need not be registered. This is the provision under Chapter 517.06, Subsection 4, which reads as follows: [ber°in followed a quotation of § 517.-06(4)]. I further charge you that if you should find from the evidence, or have a reasonable doubt whether from the evidence or lack of evidence, as to whether the security or securities described in the information were issued or delivered under the circumstances which did constitute an exemption transaction as I have defined it to you, then you should find the Defendant not guilty.”

. Section 517.06(9) provides: “The issue and delivery of any security in exchange for any other security of the same issuer pursuant to a right of conversion entitling the holder of the security surrendered in exchange to malte such conversion; provided, that the security in exchange to make such conversion so surrendered has been registered under the law or was, when sold, exempt from the provisions of the law.” [Emphasis supplied) If this section were applicable to the instant case, the transaction involved would be exempt since the original notes were without question exempt securities under the provisions of § 517.05(9), supra.

. It should be noted in this connection that § 517.17 of the Act specifically relieves the state from the necessity of negating any of the exemptions provided in the chapter and places the burden of establishing such exemptions on the party claiming the benefit thereof.