152 So.2d 744 (1963)
John MONROE, Appellant,
v.
Brewer DIXON, Jr., et al., Appellees.
No. 62-656.
District Court of Appeal of Florida. Third District.
May 7, 1963.
John Monroe, in pro. per.
Bolles & Prunty and Richard M. Winokur, Miami, for appellees.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The appellant, one of the original defendants in the trial court, seeks review of a final judgment holding him individually liable to the appellee, Brewer Dixon, Jr., pursuant to the civil remedies section of Ch. 517, Fla. Stat., F.S.A.
The original action was instituted by the appellee, Dixon, against two corporations and various individual defendants. The proceedings below resulted in a default judgment being entered against the two corporations, and one of the individual defendants was dismissed from the cause with prejudice pursuant to stipulation of the parties. Both the appellant-defendant and the plaintiff, Dixon, moved for summary judgments, which [after hearing] the trial judge denied in their entirety. However, in doing so, he held the transaction involved was within the purview of Ch. 517, Fla. Stat., F.S.A., and at the time of trial preserved for determination whether or not the appellant was, in fact, an agent of the seller *745 of the stock involved, which would render him liable under the civil remedies section of Ch. 517, Fla. Stat., F.S.A. Thereafter, the matter came on for hearing before the trial judge, without a jury, for the sole purpose of determining whether or not the appellant was an agent of the seller of the stock liable under the civil remedies section of Ch. 517, Fla. Stat., F.S.A., and if so was the plaintiff estopped to question the transaction in view of his activities subsequent to the purchase.
Following an adverse final judgment by the trial court, the appellant has prosecuted this appeal in proper person, although it is apparent from the record that at the time of the entry of the partial summary judgment [finding that the transaction in question constituted a sale in violation of Ch. 517, Fla. Stat., F.S.A.] he was represented by counsel and he was represented by counsel at the time of the trial of this matter.
The evidence before the trial court was conflicting in nature as to the activities, representations and actions of the appellant in and about the sale of the stock in question to the appellee, Dixon. The trier of the facts heard the witnesses, observed their demeanor and resolved the conflicts adverse to the appellant. There is sufficient evidence in the record to support the finding of the trial judge on this conflicting issue of fact, and such finding is hereby affirmed upon the authority of Clausi v. Casner Motors, Inc., Fla.App. 1959, 112 So.2d 587; Bittner v. Walsh, Fla.App. 1961, 132 So.2d 799. The appellant urges that even if the sale of stock was one within the purview of Ch. 517, Fla. Stat., F.S.A., and even though he may have been an agent civilly liable under the statute, the appellee, Dixon, [by virtue of activities subsequent to the stock transfer] ratified the transaction, and therefore he is estopped from recovering against the appellant. In support of this theory, the appellant cites Popper v. Havana Publications, Inc., Fla.App. 1960, 122 So.2d 247. While this court recognizes that estoppel is a valid defense to the action in the instant case, a review of the record on appeal affirmatively shows the appellee, Dixon, has overcome the defense of estoppel by showing he lacked sufficient control over or contact with the corporation issuing the stock so as to preclude him from recovering under the civil remedies section of Ch. 517, Fla. Stat., F.S.A.
Therefore, for the reasons stated, the actions of the trial judge in rendering the final judgment here under review be and the same are hereby affirmed.
Affirmed.