211 So.2d 612 (1968)
Samuel B. KRASNY et Ux., et al., Appellants,
v.
Milton W. RICHTER and Louis H. Hauser, Appellees.
No. 67-428.
District Court of Appeal of Florida. Third District.
June 11, 1968.
David P. Catsman, Miami, for appellants.
Blackwell, Walker & Gray, Miami, for appellees.
Before PEARSON, BARKDULL and HENDRY, JJ.
PEARSON, Judge.
The plaintiffs in the trial court appeal an adverse judgment after a jury trial. The appellants brought action for the return of money paid for corporate stock claiming that the sale was voidable because it violated provisions of Fla. Stat. Chapter 517, F.S.A., The Uniform Sale of Securities Law.
Appellees' answer raised the affirmative defense of estoppel, the principal issue at the trial. The jury found for the appellees; therefore, on this appeal all testimony and proper inferences from the testimony must be viewed in a light most favorable to the appellees. Thus viewed the only substantial question presented on this appeal is whether there was sufficient evidence upon which the jury could have found that the participation of a Mrs. Ladden *613 as a director of the corporation was the participation of the entire group of investors.
The evidence supports a finding that Mrs. Ladden approached the defendants seeking to participate in their business venture; that she interested some of her friends and relatives in participating with her; that a stockholders' agreement was drawn providing that the investing group would have the right to designate a director, and the group designated Mrs. Ladden; that the investing group employed an attorney who advised that the transaction was exempt from the provisions of Chapter 517 F.S.A. Fla. Stat.; that Mrs. Ladden as the representative of the investing group participated in the corporate management from October 1963 to January 1964; and that the corporation retrogressed from good business prospect to failure during this period.
The purchaser of stock may, by directly participating in the corporation as an officer and director and by having control over the disposition of funds after becoming a stockholder, be estopped to claim his purchase of stock void under the provisions of Fla. Stat. Chapter 517, F.S.A. Popper v. Havana Publications, Inc., Fla.App. 1960, 122 So.2d 247; Harrison v. McCourtney, Fla.App. 1962, 148 So.2d 53. We know of no reason why the doctrine of estoppel should not be applied where the buyer, rather than participate personally, participates in corporate affairs through an agent. Appellants urge that this application of the doctrine of estoppel would be an extension which should not be made because of public policy. We cannot say that the public policy of Florida is that a purchaser of stock who participates directly in corporate affairs should be estopped to rescind the sale of stock and recover the purchase price but that a purchaser who designates a representative to act for him in corporate affairs should not be so estopped. Cf. DePolo v. Greig, 338 Mich. 703, 62 N.W.2d 441, 443 (1954).
Appellants' point directed to jury instructions given is not well taken. See Henningsen v. Smith, Fla.App. 1965, 174 So.2d 85; Seminole Shell Co. v. Clearwater Flying Co., Fla.App. 1963, 156 So.2d 543.
Affirmed.