232 So.2d 200 (1970)
Vernon DOKKEN, Appellant,
v.
MINNESOTA-OHIO OIL CORP., a Foreign Corporation, and Richard D. Wachtler, Appellees.
No. 68-586.
District Court of Appeal of Florida, Second District.
February 13, 1970.
Rehearing Denied March 26, 1970.
*201 Harold S. Wilson, Clearwater, for appellant.
Charles F. Barber, of Allbritton & Barber, Clearwater, for appellees.
PIERCE, Judge.
Appellant Vernon Dokken, plaintiff below, appeals from a final judgment rendered after a jury trial in favor of the appellees Minnesota-Ohio Oil Corp. and Richard D. Wachtler, defendants below.
Dokken filed his amended complaint on August 23, 1966, pursuant to F.S. § 517.21, F.S.A., seeking to recover from the defendants the purchase price of unregistered *202 securities sold in purported violation of F.S. chapter 517, F.S.A., (the Uniform Sale of Securities Law), less certain amounts received from the seller, Minnesota, together with interest and attorneys' fees. The defendants' answer denied violation of the statute, pleaded estoppel, and claimed that the sale was an exempt transaction under the statute.
The record shows that Dokken had known Wachtler, president of Minnesota-Ohio Oil Corp., since 1959, had had business dealings with him in Minnesota, and had played golf and socialized with him after he came to Florida. Dokken had visited the site of the Riley oil lease in Ohio with Wachtler when the subject oil well came in about a year prior to the sale in question. Wachtler testified that Dokken expressed a desire to get into the oil business, although this was denied by Dokken. After the visit Wachtler told Dokken that they were informed by a bank in Ohio that there was an interest in the Riley lease available for sale. On the basis of Dokken's interest Wachtler contacted someone in the bank who suggested that it would expedite matters if Minnesota-Ohio brought the interest from the bank, paid off the mortgage at the bank, got the transfer into Minnesota-Ohio and then transferred it to Dokken. Dokken entered into an agreement in Pinellas County, Florida, with Wachtler to purchase 6.25 per cent interest in the Riley oil lease for $25,000.00, plus one-eighth of the working interest cost on future drilling on the lease. At the time the agreement was made the interest Dokken subsequently purchased was not owned by either Minnesota-Ohio or Wachtler, and the lease was not controlled or developed by either of them. Minnesota-Ohio and Wachtler owned only a 25 per cent interest in the lease. Dokken made a down payment and subsequently delivered a cashier's check to Wachtler in Pinellas County for the balance. Minnesota-Ohio accomplished the transfer at no profit for either Minnesota-Ohio or Wachtler. An assignment of working interest was received by Dokken in Pinellas County from Minnesota-Ohio after it had been recorded in Ohio on January 26, 1966. A corrected assignment was subsequently recorded in Ohio on March 23, 1966, and received by Dokken in Pinellas County.
The interest in the Riley lease was not registered in Florida under the provisions of F.S. chapter 517, F.S.A., and Wachtler was not a registered securities dealer in Florida. During May of 1966 Dokken became dissatisfied, demanded the return of his money, and made a tender of the security to Minnesota-Ohio, which was refused. Dokken paid a total of $37,895.52 as the purchase price and his proportionate share of developing and keeping the lease in good shape, and received $9,395.14 as income from said security up to the time of filing suit in July 1966. A stipulation was filed that payments made to Dokken during litigation were to be offset against his claim.
Dokken was not a director or officer of Minnesota-Ohio and did not participate in the decisions of the corporation. At the time of the purchase of his security he was a holder of 500 shares of stock in Minnesota-Ohio out of a capitalization of 145,000 shares issued and outstanding.
Dokken objected to the trial Judge giving the following instruction on estoppel:
The Court instructs the jury that regardless of all other findings or instructions, if you believe that the Plaintiff, by reason of his own acts, conduct, knowledge and business relationships that occurred at or about the time of the sale of the security is now inconsistent with such acts, conduct and knowledge in the bringing of this suit, and that the Defendants did rely upon the past acts, conduct and knowledge of the Plaintiff to their detriment, and that they would be, therefore, wrongfully injured by now allowing the Plaintiff to recover upon this *203 inconsistent action at law, then you must find that the Plaintiff cannot prevail, having so conducted himself, and your verdict must be for the Defendants.
It is Dokken's contention that estoppel is not available to the seller of unregistered securities where it is not alleged or shown by the testimony that the purchaser was involved in the business affairs of the seller as officer, director, controlling stockholder, manager or participated in the affairs as a seller. To support this contention he cites Popper v. Havana Publications, Inc., Fla.App. 1960, 122 So.2d 247, 84 A.L.R.2d 476; Harrison v. McCourtney, Fla.App. 1963, 148 So.2d 53; Monroe v. Dixon, Fla.App. 1963, 152 So.2d 744; Krasny v. Richter, Fla.App. 1968, 211 So.2d 612. These are the only Florida cases relating to estoppel as a defense to a violation of the Florida Securities Act. In each of the cases cited the security which had been sold was corporate stock issued by a defendant corporation and represented an element of control over the defendant corporation. The Court in each case outlined the degree of control that would be necessary by reason of direct participation in the affairs and management of the corporation as a stockholder, officer, or director, in order for the defense of estoppel to be available. Where there was a lack of such participation the defense was not made out in those cases.
The security involved in the case sub judice was an interest in an oil lease which was purchased by the defendants for Dokken at Dokken's request and in which defendants owned only a 25 per cent interest. Defendants did not own or develop the oil lease in question or control the drilling of the oil wells and were not the "issuers" or the agents of the "issuer" of the security. Defendants and Dokken were minority interest holders in a producing oil well and the defendants had no greater control over the operation than Dokken had. The element of control was lacking.
In some other jurisdictions having securities statutes similar to our Sales of Securities law by which sales made in violation of its provision are not made void but voidable at the election of the purchaser, the Courts have held that the purchaser of securities sold in violation of the act may be estopped by his conduct from asserting the invalidity of the transaction. Re Racine Auto. Tire Co. (1923, CA7 Wis.) 290 F. 939; Wichita Duntile Co. v. Wright, 1930, 130 Kan. 139, 285 P. 635; Thomas v. United Royalty Co., 1937, 180 Okla. 230, 68 P.2d 490; Farmers' Union Co-op Royalty Co. v. Little, 1938, 182 Okla. 178, 77 P.2d 33; Winfred Farmers Co. v. Smith, 1924, 47 S.D. 498, 199 N.W. 477. Estoppel depends upon the facts and circumstances of each case. The elements of estoppel as set out in the instruction given by the Court (compare 31 C.J.S. Estoppel § 108, p. 548; United Contractors, Inc. v. United Construction Corp., Fla.App. 1966, 187 So.2d 695), were based upon the evidence adduced at the trial, and the giving of such instruction was not error.
Dokken's next point raises the question of whether Minnesota-Ohio was the bona fide owner of the unregistered security; and therefore, in disposing of it for its own account, was entitled to exemption from the provisions of F.S. chapter 517, F.S.A. of an isolated sale under the provisions of F.S. § 517.06(3), F.S.A.
The testimony of Wachtler, the president of Minnesota-Ohio, reflected his opinion that the transaction was just a convenience transaction for Dokken, that Minnesota-Ohio acted simply as a conduit for the bank, that it took title only for the purpose of transferring it to Mr. Dokken, and did not have any beneficial interest in the lease or regard it as its property. The testimony on this point was conflicting. Dokken denied that Minnesota-Ohio was acting as his agent. The jury could have found that Minnesota-Ohio was the bona fide owner of the security and that a sale had *204 taken place, or could have found that the company were merely the agent for Dokken. This was a function of the jury to find. Hammond v. State, Fla.App. 1963, 151 So.2d 872. We find no basis for disturbing the finding of the jury.
Over Dokken's objection the trial Court charged the jury 
"* * * if you believe that from a preponderance of the evidence, the sale of the security that Plaintiff seeks to void was not made within the State of Florida, then your verdict must be for the Defendants."
Here, again, there was a conflict in the testimony. If the jury believed that the defendants were acting merely as a convenience for Dokken, or as his agent in having the security transferred to Minnesota-Ohio, paying out the money to the Ohio bank, transferring the security to Dokken and being reimbursed by Dokken, the jury could find that no sale took place. Thus it was a question for the jury and the instruction was proper.
Dokken next attempts to establish that Minnesota-Ohio's main business was selling securities in oil leases and that the sale to Dokken was made pursuant to a general plan or purpose or by persons in the business of making such sales and therefore Minnesota-Ohio was not entitled to the exemption of an isolated sale under the provisions of F.S. § 517.06(3), F.S.A.
The record shows that Minnesota-Ohio and Wachtler were in the business of selling oil leases, but not in the State of Florida. They sold no interests in oil leases to anyone in the State of Florida except Dokken. They sold corporate stock in Minnesota-Ohio to Dokken and two other people in Florida, but this had no connection with the Riley lease involved here. Dokken also received from Minnesota-Ohio prospectuses on the sale of interest in two other oil leases. Wachtler did not deny that the prospectuses might have been given to Dokken, or that Dokken might have picked them up in Wachtler's office, but said that they had not been offered for general distribution in Florida.
On April 7, 1967, in Dokken v. Minnesota-Ohio, 201 So.2d 926, this Court affirmed the ruling of the trial Court that the business activities of defendants outside the state were immaterial in determining whether the sale of a security was an isolated sale within the meaning of F.S. § 517.06(3), F.S.A.
There is no showing that the sale to Dokken was a part of a general plan or purpose or by persons in the business of making sales in Florida in violation of the Sales of Securities law. Under these circumstances, defendants were entitled to claim an exemption from registration under F.S. § 517.06(3), F.S.A.
The judgment appealed from is 
Affirmed.
HOBSON, C.J., concurs.
McNULTY, J., dissents with opinion.
McNULTY, Judge (dissenting).
In my view it was reversible error to permit the defense of estoppel and to charge the jury thereon. Accordingly, I must respectfully dissent.
The majority opinion cites several cases out of sister states[1] in which the courts *205 held estoppel to be available to a seller of nonexempt securities. Those cases, however, are materially distinguishable factually from the case before us. But in any event, and rather than unduly burdening this opinion with the distinguishing features of those cases, it is to be noted that they are of rather early vintage. In the more recent cases dealing with the subject,[2] estoppel has generally been rejected as a permissible defense except in those cases wherein the purchaser was on equal status with the seller insofar as control over the issuer of the security is concerned as, for example, when the purchaser himself is also an active officer or director of a corporation which sells him treasury stock for the account of the corporation. The Florida cases[3] recognize estoppel in this latter class of cases, as noted in the majority opinion, but they are silent on whether estoppel is available in "voidable" securities sales otherwise.
One of the latest cases on the precise point before us, and wherein there is no question of equal control over the issuer, (since, as here, the sale was for the account of a seller other than the issuer) is Covert v. Cross,[4] a Missouri case practically on all fours with ours even to the security involved being an oil lease. In that case the trial court refused to give an instruction on estoppel and the Supreme Court of Missouri affirmed saying, at p. 585,
"We think it is clear that the theory of estoppel sought to be presented by defendants-appellants would tend to nullify and defeat the very purpose of the statute, which is clearly penal in nature. It is immaterial whether or not there was evidence to support the giving of [an instruction on estoppel]. The Act was passed to protect investors against their own weaknesses and to prevent the happening of such losses as are shown by this record. See Gales v. Weldon, supra; Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 711, 59 A.L.R.2d 1011. If plaintiffs' evidence brings their case within the provisions of the statute, they are entitled to recover. * * *"
I submit, therefore, that the defense of estoppel is no more appropriate under our "Blue Sky Laws" relating to "voidable" sales of securities than it is to a winning gambler in a suit for recovery of losses brought by a loser pursuant to § 849.27, F.S.A., or to a borrower suing to effect forfeiture of principal and/or interest under our usury laws. The very purpose of these laws is to protect the "sucker" in spite of himself, in the one case, or to protect the disadvantaged borrower in the other. The purpose of our Sale of Securities law[5] is like unto them in that it seeks to protect the unwary, gullible and indeed even the avaricious investor. The technique used is to condemn and render voidable the transaction, i.e., the sale, itself as being against public policy. Therefore, in these cases, except where there is equal control over the issuer or its agent as noted, I am of the opinion that estoppel as a defense is anathema.
NOTES
[1] Re Racine Auto. Tire Co. (1923 CA7 Wis.), 290 F. 939; Wichita Duntile Co. v. Wright (1930), 130 Kan. 139, 285 P. 635; Thomas v. United Royalty Co. (1937), 180 Okla. 230, 68 P.2d 490; Farmers' Union Co-op Royalty Co. v. Little (1938), 182 Okla. 178, 77 P.2d 33; and Winfred Farmers Co. v. Smith (1924), 47 S.D. 498, 199 N.W. 477.
[2] Can-Am Petroleum Co. v. Beck (10th Cir.1964), 331 F.2d 371; Covert v. Cross (Mo. 1960), 331 S.W.2d 576; Schvaneveldt v. Noy-Burn Milling & Processing Corp. (1959), 10 Utah 2d 1, 347 P.2d 553; and Brown v. Cole (1956), 155 Tex. 624, 291 S.W.2d 704, 59 A.L.R.2d 1011.
[3] See, e.g., Popper v. Havana Publications, Inc. (Fla.App. 1960), 122 So.2d 247; Harrison v. McCourtney (Fla.App. 1963), 148 So.2d 53; Monroe v. Dixon (Fla.App. 1963), 152 So.2d 744; and Krasny v. Richter (Fla.App. 1968), 211 So.2d 612.
[4] (Mo. 1960), 331 S.W.2d 576.
[5] Ch. 517, F.S.A.