**ALMA W. GILHART v. CHARLES CLARK GILHART, MARGARET E. ERNST, and SYLVESTER V. ERNST, her husband.**

20 So. (2nd) 905                 January Term, 1945

February 16, 1945                    Division B

R. R. *Saunders,* Thomas E. *Swanson* and Chas. H. *Crim,* for appellant.

*LeBlond, Morrissey, Terry & Gilday* and Fred L. *Hoffman* (all of Cincinnati, Ohio), *Miller & Fitzsimmons* and *Davis & Lockhart,* for appellees.

SEBRING, J.:

Alma W. Gilhart instituted suit for divorce in the circuit court of Broward County against Charles Clark Gilhart, who was personally served with summons. The bill, in addition to alleging grounds for divorce, alleged that the defendant husband is the owner of certain valuable apartment buildings in Broward County and that for the purpose of defeating plaintiff's claim for alimony, and for support money for the minor children of the parties, the defendant fraudulently procured one Margaret E. Ernst, a married woman, to purchase for him the said apartment buildings with money fraudulently advanced her by the defendant for that purpose, the title to said apartment buildings to be taken and held by Margaret E. Ernst and her husband in secret trust for the defendant.

During the pendency of the suit Margaret E. Ernst and her husband, who are residents of the State of Ohio, were made parties defendant, and the plaintiff attempted to bring them into the suit by constructive service of process. Thereafter Margaret E. Ernst and Sylvester V. Ernst, her husband, filed their special appearance and motions to quash the order of constructive service on various grounds, among which were: (1) "The judgment for temporary alimony in favor of . . . [Alma W. Gilhart] is such, upon which a suit cannot be maintained for the recovery of property because there is no absolute or vested right in . . . [Alma W. Gilhart] to receive

or collect the temporary alimony as long as this proceeding remains in fieri and subject to annulment or modification by the court"; (2) "the procedure in this cause is in violation of due process of law guaranteed to these defendants and for the protection of their property to have that course of legal procedure which has been established by the judicial system for the protection and enforcement of private rights contemplated by Section 4 of the Declaration of Rights, Florida Constitution, and the 14th Amendment to the Constitution of the United States, which prevents the taking of private property without due process of law, and secures to these defendants the equal protection of the law"; (3) Alma W. Gilhart has no right to maintain this suit against Margaret E. Ernst and Sylvester V. Ernst, her husband, for the reason that there is now pending in the Court of Common Pleas of Hamilton County, Ohio, a suit instituted by Alma W. Gilhart against said defendant "for the same cause of action and seeking the same relief as in this suit and involving the same property," it appearing by appropriate allegations in said Ohio suit "that said properties were not purchased by nor paid for, and do not belong to Charles Clark Gilhart, and that said Charles Clark Gilhart has no interest, legal or equitable, in said property, and that . . . [Margaret E. Ernst] does not hold said property in trust for either the plaintiff or the plaintiff's husband, Charles Clark Gilhart."

Upon hearing upon the special appearance and motion to quash, the trial court entered its order quashing the order for constructive service against Margaret E. Ernst and Sylvester V. Ernst, her husband, and dismissed the suit as to them. That order is now before us on review.

Where a defendant appears specially for the purpose of challenging the jurisdiction of the court over his person, he must confine his motion to the ground of such jurisdiction and must not include therein some other ground going to the merits of the case, else the special appearance will amount to a general appearance conferring jurisdiction. See Casper, et al., v. Bonbright, 94 Fla. 1237, 115 So. 540; City of Coral Gables v. Certain Lands, 110 Fla. 189, 149 So. 36; Ortell v. Ortell, 91 Fla. 50, 107 So. 442; First Nat. Bank of Gainesville

v. Board of Public Instruction, 93 Fla. 182, 111 So. 521; State ex rel. Pepper v. Atkinson, 98 Fla. 996, 124 So. 458.

The special appearance and motion to quash present issues other than the issue of the jurisdiction of the court over the person of the defendants, and go to the merits of the controversy and the right of plaintiff to maintain the suit and secure the relief sought. This being so, the special appearance amounts to a general appearance in the pending suit. It is not necessary, therefore, for us to decide whether the attempted constructive service of process was sufficient to bring the parties within the jurisdiction of the court, they having now brought themselves in by what is, in legal effect, a general appearance, notwithstanding an attempted special appearance.

The order appealed from is reversed with directions that after the mandate goes down the defendants, Margaret E. Ernst and Sylvester V. Ernst, her husband, be required to plead in the pending suit.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.