32721.   WAY *v.* TURNER.

Decided January 13, 1950.   Rehearing denied February 2, 1950.

*James A. Branch, Thomas B. Branch Jr., Allen E. Lockerman,* for plaintiff.

*James M. Embry, Dunaway, Riley & Howard,* for defendant.

· FELTON, J. ■ It was not alleged by the plaintiff in the declaration in the Florida suit that R. D. Turner, the defendant therein, was a non-resident of Florida at the time his truck and trailer collided with the plaintiff's automobile and as a result of which the plaintiff sustained personal injuries and property damage as alleged. Consequently, the purported service of that suit on the defendant by serving the Secretary of State of Florida, under the provisions of §§ 47.29 and 47.30 of the Florida Statutes of 1941, entitled "Service of Process on Non-resident Motor Vehicle Owners, etc.," was invalid, as it is indispensable in such a proceeding that the record show the non-resident status of the defendant at the time the cause of action accrued. Red Top Cab & Baggage Co. *v.* Holt, 154 Fla. 77 (supra).

■ But the plaintiff in error contends that the defendant, by a personal appearance and a plea to the merits of the case, submitted himself to the jurisdiction of the Florida court and that the judgment rendered against the defendant in that case, this being the judgment sued on in the present case, is a valid judgment, and also that the defendant ratified the general appearance. The contract of insurance of the Virginia Surety Company with R. D. Turner, covering his White truck and trailer and insuring him against public liability for personal injuries and property damage caused by said truck, provided that "the company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking

damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company." The affidavit of service made in the Florida case by an attorney for the plaintiff indicated that the two notices of the Florida action were sent by registered mail to the defendant and that they were received by him in person. The record shows, however, that the return receipts were signed by the defendant's wife and not by him. There is in the record a copy of a letter to the defendant from the plaintiff's Florida attorneys advising him that the case was set for trial at Fort Lauderdale on August 30, 1948, which bears a certification by a stenographer that she mailed a copy of the letter to the defendant. There is no competent evidence in the record that it was mailed. There is in the record a copy of a letter dated May 27, 1949, from the insurance company's attorneys to the defendant, advising him of their withdrawal from the case. There is no evidence that the original was mailed. The defendant testified that he did not notify the insurance company of the injury and claim or of the pendency of the action in Florida and that he did not receive either of the registered letters and that he did not receive either of the other two letters. The defendant also testified that he did not authorize anyone to file pleadings for him in the Florida suit and that he did not know anything about the suit in Florida. He stated that his wife gave the notices to the insurance company. The purpose of the stipulation in the insurance policy that the company would defend actions against the insured is a provision designed to benefit the insurance company primarily, but it can only help itself by bona fide helping the insured. It is not necessary for us to decide whether it was an unqualified appointment of the company as an agent to procure counsel to defend the case, and if so whether it carried with it the authority to waive the jurisdiction of the court over the person of the defendant. But assuming that the provision did provide such authority, it did not authorize the insurance company to file a *temporary and provisional defense* to the action, in effect solely for its own protection. The record shows that the defense was filed by attorneys for the insurance company *"until*

*they could complete investigation of the accident."* When investigation revealed to their satisfaction that their policy did not cover the accident, the attorneys got permission from the court to withdraw their names. The attorneys had filed a plea to the merits, thereby waiving the lack of jurisdiction of the court over the defendant, the petition not having alleged that the defendant was a non-resident of Florida. The order of the Florida court allowing the attorneys to withdraw from the case meant one of two things: it operated as a withdrawal of their names and also their provisional pleading or it permitted a withdrawal of the names and left in court what amounted to an unconditional pleading which subjected the defendant to the jurisdiction of the court. If the policy provision authorized the insurance company lawyers to defend, it authorized only a bona fide, full, complete and irrevocable pleading in the defendant's behalf, and not a *provisional defense* solely in the insurance company's behalf. If the order allowing the attorneys' withdrawal operated to withdraw the pleadings, which it certainly should have done, under the facts revealed to the Florida court, the court was without jurisdiction to render a judgment against the defendant. If it did not have the effect of withdrawing the pleadings as well as the names of the attorneys, the order allowing the attorneys to withdraw from the case was void because it was rendered without giving the defendant an opportunity to be heard and without his consent, even if he received the notice that the attorneys would withdraw their names. Whether this is true or not the facts upon which the Florida court evidently held that the pleadings were ratified were shown in the Georgia trial to be untrue. The evidence shows that there was no ratification of the filing of the pleadings for the defendant with the defendant's full knowledge of the facts. Even if the defendant had known all the facts there was no ratification because the pleading was not filed for him and in his behalf in the first instance but was filed solely for the insurance company until it decided whether in its opinion its policy covered the accident. The pleadings filed in the Florida court were not authorized by the provisions of the policy; they were not authorized by the defendant in any other way; and the defendant did not ratify them after full knowledge of the true

facts, especially the fact that the original declaration in the case did not give the Florida court jurisdiction to render a judgment against him. Such a judgment is subject to attack. *Anderson* v. *Crawford*, 147 *Ga.* 460 (94 S. E. 574, L. R. A. 1918B, 894); 5 Am. Jur. 310, § 83; 34 C. J. 537, § 840, p. 1148, § 1625; 88 A. L. R. 36. The trial court was correct in directing a verdict for the defendant as no other verdict was possible under the evidence.

*Judgment affirmed.* *MacIntyre, P. J., and Gardner and Townsend, JJ., concur. Sutton, C. J., and Worrill, J., dissent.*

SUTTON, C. J., dissenting. I concur in division 1 of the majority opinion, that the purported service of the Florida suit on the defendant, Turner, by serving the Secretary of State of Florida, under the provisions of the Florida Statutes of 1941, was invalid, as it was not alleged in the plaintiff's declaration in the Florida suit that Turner was a non-resident of Florida at the time the alleged cause of action in that suit occurred, it being indispensable in such a proceeding that the record show the non-resident status of the defendant at the time the cause of action accrued.

But I do not agree with the ruling and conclusion reached in division 2 of the majority opinion. I think the plea to the merits of the Florida suit, without any reservation, submitted the defendant Turner to the jurisdiction of the Florida court, and that the judgment rendered against him in that case, the judgment sued on in the present case, is a valid judgment. The contract of insurance of the Virginia Surety Company with R. D. Turner, covering his White truck and trailer and insuring him against public liability for personal injuries and property damaged caused by said truck, provided that "the company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company." Under the terms of this insurance contract the company had the right and authority to defend in his name and behalf any suit against the insured for damages for personal injury and property damage caused by said truck,

even if the suit be groundless, false, or fraudulent, and this necessarily gave the insurance company the authority to employ attorneys to represent the insured in any such suit. After the above-mentioned suit was filed against R. D. Turner in the circuit court in Florida the insurance company engaged a Miami firm of lawyers, McKay, Dixon, DeJarnette, and Bradford, to defend the suit against Turner, and these attorneys, within the time allowed by law, entered an appearance therein for him and, without pleading to the jurisdiction, filed a plea and answer to the merits of the suit in the name and on behalf of the defendant Turner. This gave the Florida court jurisdiction of the defendant in that suit. Gilhart v. Gilhart, 155 Fla. 562 (20 So. 2d, 905). The general rule is that where a non-resident makes a general appearance in a suit either in person or by attorney he submits himself to the jurisdiction of the court. See 3 Am. Jur., Appearances, § 34, p. 804. This is true although the Miami firm of lawyers later, by permission of the court, withdrew as the attorneys for R. D. Turner in said Florida suit, after having notified Turner of their intention to withdraw as his attorneys in that case. "The filing of a plea is both an appearance and a defense. Its withdrawal cannot have the effect of withdrawing the appearance of the defendant and requiring the plaintiff to take steps to bring him again within the jurisdiction of the court. He is not, by the withdrawal of the plea, out of court. Moreover, the appearance remains, although the defendant's attorney, by whom it was entered, withdraws. The appearance gives rights and benefits in the conduct of the suit the destruction of which by the withdrawal of the attorney would work great injustice to the other party." 3 Am. Jur., Appearances, § 43, p. 811. Although the attorneys for the defendant in the Florida suit withdrew as his attorneys, they did not withdraw the appearance and plea to the merits which they filed for him in said suit. The attorneys appeared for the defendant at the instance of the Virginia Surety Company, and that company was authorized and obligated by the insurance contract between it and R. D. Turner to defend in his name and behalf any suit for personal injuries or property damage occasioned by the described truck and trailer, even though such suit was groundless, false or fraudulent. It is stated in the majority opinion that, "It

is not necessary for us to decide whether it was an unqualified appointment of the company as an agent to procure counsel to defend the case, and if so whether it carried with it the authority to waive the jurisdiction of the court over the person of the defendant. But assuming that the provision did provide such authority, it did not authorize the insurance company to file a temporary and *provisional defense* to the action, in effect solely for its own protection." I think it is important and essential for this court to determine whether the insurance contract authorized the insurance company to employ or procure counsel to defend the Florida suit against the defendant. As stated, it did not authorize a temporary or provisional defense. An examination of the plea filed by the Miami attorneys, as shown by the record, will reveal that it was a plea to the merits of the case without any reservation of any kind and was in the name of and on behalf of the defendant, R. D. Turner. It is stated in the majority opinion that, "The order of the Florida court allowing the attorneys to withdraw from the case meant one of two things: it operated as a withdrawal of their names and also their provisional pleading or it permitted a withdrawal of the names and left in court what amounted to an unconditional pleading which subjected the defendant to the jurisdiction of the court." Unquestionably, in my opinion, it did the latter, that is, the withdrawal left in the court an unconditional plea to the merits of the case which subjected the defendant to the jurisdiction of the court. The Florida court rendering the judgment sued on in the present case acquired jurisdiction over the defendant when the attorneys at the instance of the insurer under the provisions of the insurance contract appeared and filed a plea to the merits of the case in the name of and on behalf of the defendant although they later withdrew as his attorneys by permission of the court; and this is true irrespective of the provisions in the automobile insurance contract to the effect that the insurance coverage therein provided would not apply in the event the insured should rent or lease the truck and trailer to any other person, firm, or corporation, and irrespective of the lease contract by R. D. Turner to the Great Southern Trucking Company wherein it was provided that, "The lessee shall assume direction and control of the leased vehicle and full responsibility

to the public . . for its operation, and will furnish insurance protection to the public as required by the Interstate Commerce Commission." I think that a verdict was demanded in favor of the plaintiff under the uncontradicted evidence in this case; and that the trial judge erred in directing a verdict for the defendant, and in overruling the plaintiff's motion for a new trial. I am authorized to say that Worrill, J., concurs in this dissent.