William E. BISHOP and Laura Bishop,
Appellants,

v.

William W. REARDEN, Appellee.

Callie DEMPSEY and Milton Dempsey,
Appellants,

v.

William W. REARDEN, Appellee.

Nos. 2851, 2852.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 4, 1961.

Decided March 5, 1962.

Thurman L. Dodson, Washington, D. C.,
with whom James H. Hill was on the brief,
for appellants.

Leonard L. Lipshultz, Washington, D.
C., with whom Sol Friedman and Hyman
L. Rosenberg, Washington, D. C., were on
the brief, for appellee.

Before HOOD, Chief Judge, QUINN,
Associate Judge, and CAYTON (Chief
Judge, Retired) sitting by designation un-
der Code § 11–776(b).

HOOD, Chief Judge.

William W. Rearden, Jr., then about
twenty years of age, was the driver and
owner of an automobile which collided with
another automobile in the District of Col-
umbia on June 27, 1958. Appellants here,
claiming to have been injured in the colli-
sion, filed suits in 1960 against "William
W. Rearden." Service was made by leav-
ing copies at the home of William W.
Rearden, Sr. At that time Rearden, Jr.,
was in Japan in the Armed Services. Rear-
den, Sr., forwarded the papers to his son's
insurance carrier in Indiana. The insur-
er in turn sent the papers to its local coun-
sel here, and that counsel filed answers to
the pending actions. The answers were
filed by counsel as "Attorney for defend-
ant." In addition counsel also filed inter-
rogatories and in one of the actions filed an
offer of judgment under the trial court's
Civil Rule 68.

About two months later counsel filed a motion to withdraw the answers and to quash the returns of service. The motion alleged that the "defendant, William W. Rearden, Jr.," had been out of the United States since the fall of 1958 and was then in Japan; that when service was attempted, Mrs. Rearden, Sr., had accepted it, believing it was intended for her husband; that when Rearden, Sr., saw the papers he realized they were intended for his son and he forwarded them to the son's insurer; that the insurer, assuming proper service had been made on the insured, forwarded the papers to local counsel, who on the same assumption, filed the answers. The supporting affidavits indicated that Rearden, Jr., had not lived with his parents since he was thirteen months of age, but had stayed with them on a visit from July 1956 to November 1956 when he enlisted in the Air Force; and that he was stationed at Fort Myer, Virginia, when the insurance policy was issued and when the collision occurred.

The theory of the motions to withdraw answers and quash returns of process is that at the time of the attempted service, Rearden, Jr., did not have his usual place of abode at his parents' home, and that the attempted service there was ineffectual; that the insurer, being without knowledge of the true situation, had erroneously assumed that service was valid and on that assumption had filed the answers; that the insurer had no authority to have its counsel enter an appearance for insured and thereby waive the defect in service; that because of this lack of authority the answers should be withdrawn and the return of process quashed. The trial court granted the motions and dismissed the actions "without prejudice for want of jurisdiction."

Our difficulty is in ascertaining on whose behalf the motions were filed. Undoubtedly the answers were filed on behalf of Rearden, Jr., as he was the insured. Counsel now insists that he had no authority to file the answers, and at the same time he asserts no authority to file the motions. As far as the record discloses, Rearden, Jr., has no knowledge of these proceedings; but he is the only one who has the right to assert that counsel's appearance on his behalf was unauthorized and the only one who has the right to seek to strike or withdraw that appearance. The insurance company is no party to these actions but it would appear that it is the real moving party.

For all that appears from the record, it is possible that Rearden, Jr., if acquainted with the proceedings, would ratify and confirm the entry of his appearance, because under his insurance policy the insurer was bound to defend any suit against him within the coverage of the policy. This raises the interesting question whether under such a policy the insurer has the authority to enter an appearance for the insured even though the latter has not been personally served. No case on this point has been cited to us and our research has disclosed only two cases touching on the point. See Rollins v. Bay View Auto Parts Co., 239 Mass. 414, 132 N.E. 177, and Way v. Turner, 80 Ga.App. 814, 57 S.E.2d 439.

Another question remains unanswered in the record. How did Rearden, Sr., know that his son was insured and know the name of the insurer (the policy had been cancelled by the insured over a year before suit was filed), and why did he forward the papers to the insurer? In oral argument it was stated that when the accident occurred the son gave his father's address as his address. Did the son impliedly or expressly authorize his father to send any legal papers to the insurer? If the papers were sent to the insurer by authority of the insured, the reasonable inference would be that the insurer was authorized to enter an appearance on behalf of the insured. Bailey v. Coventry, 130 Misc. 269, 224 N.Y.S. 17.

However, as before observed, the motions here involved were not filed by

the insured or by counsel claiming authority to represent him. His appearance and answers should not be vacated without notice to him. We note that in any event dismissal of the actions was not justified. Defective service may abate an action but it is not ground for dismissal. We hold that in the absence of a motion by the defendant seeking such relief, it was error to strike the appearance and answers previously filed on his behalf.

Reversed and remanded for further proceedings consistent with this opinion.