ROBERTS, Justice.
We here review by conflict certiorari a District Court of Appeal affirmance of a summary judgment by the trial court directing the partition of certain real property.
*694 The petitioners’ decedent, Flora S. Moore Vandine, had been the respondent’s wife. In 1947 the wife sued for separate maintenance and other relief on grounds of desertion. Constructive service was attempted by publication. Her complaint alleged that certain property in Miami, title to which was by the entireties, had been purchased with her money solely and that she had operated a rooming-house thereon to support both of them. (This property is the subject of the case sub judice.) She asked that all right, title and interest in this property be decreed to be in her name, individually.
The final decree so ordered, without designating whether this was in satisfaction of her rights arising through the marital relation or by reason of her furnishing the consideration for the purchase of the property.[1] The husband was directed to join the wife in a warranty deed conveying this property to her with a sheriff’s deed to issue if he did not. Upon being notified of the decree, the husband refused to comply with the order to convey. A sheriff’s deed was then made and recorded. The husband subsequently made an appearance, labelled “special”, and moved the court to vacate the final decree asserting that “errors of law and fact have been committed in said cause and in the Final Decree, therein entered by the Court, and that the final decree is contrary to the law and facts and the evidence of the case * * * ”.
The motion was denied; no appeal was taken.
Immediately after the recording of the sheriff’s deed, the wife filed a tax return on the property in her name as sole owner. She continued to reside on the property and paid the taxes until her death in 1963.
In 1953 the husband obtained a divorce in Ohio and thereafter returned to Miami to live.
After the death of the wife, the husband, respondent herein, instituted this suit for partition against the executor and devisees of the wife’s estate. The answer of the decedent wife’s personal representatives alleged that the husband’s motion to vacate in the wife’s suit was a general' appearance eliminating process infirmity or, if the decree was voidable, it is not subject to attack in this suit; valid title in the decedent by adverse possession, and' laches on the part of the former husband. The chancellor granted summary judgment to the former husband and ordered sale of the property with division of the proceeds between him and the decedent wife’s successors as tenants in common.
The decedent wife’s executor and beneficiaries appealed to the District Court of Appeal, Third District, which affirmed the summary judgment in a per curiam affirmance reported in 177 So.2d 384: “Affirmed on the authority of Hulsey v. Commercial Investment Trust, Inc., 1931, 103 Fla. 609, 138 So. 766; Greenberg v. Greenberg, Fla.App.1958, 101 So.2d 608; Naurison v. Naurison, Fla.App.1959, 108 So.2d 510; Hennig v. Hennig, Fla.App. 1964, 162 So.2d 288.”
It is this order which we are petitioned to review by granting a writ of certiorari based on conflict. The fact that this order, while it is a per curiam af-firmance, cites the cases on which the court relied, both increases the likelihood of its creation of confusion in the law if it generates conflict, and facilitates our determination of whether conflict has been generated. We have the right — and the duty- — -to examine the record proper for possible conflict. Foley v. Weaver Drugs, Inc., Fla.1965, 177 So.2d 221.
Among the cases petitioners cite for alleged conflict is one set forth by the District Court of Appeal, Hulsey v. Commercial Investment Trust, Inc., supra. In *695 Hulsey a motion to vacate was filed by a corporation in a case in which it had not been validly served. The appearance was labelled as “special” but this court said “ * * * the record here shows that said Commercial Investment Trust, Incorporated, did not confine itself to that question, but entered a general appearance in the cause by seeking to have the merits of the case reopened and a trial of the issues had on the merits. It also attacked the sufficiency of the bill of complaint to state a cause for equitable relief, and this also constituted an appearance in the cause.
“It follows therefore that if the defendant generally appeared in the first suit, it is bound by the proceedings in that suit, and cannot in this present suit, now on appeal before this court, undertake to collaterally attack and set aside the decree entered in a suit in which it generally appeared. Its remedy for any erroneous denial of relief to it in the first suit was by appeal from any order or decree made in such suit, not by filing an independent bill to enjoin and set aside the decree as void, because it was not void.”
It is to be noted that the husband’s appearance to move to vacate in the prior suit occurred in 1948 before the necessity of appearing specially had been abolished by the Florida Rules of Civil Procedure. Consequently, we find that the District Court’s affirmance did conflict with our prior holding in Hulsey. The answer filed by petitioners pleaded allegations sufficient to come within the scope of Hulsey and, unrebutted by affidavit in support of the husband’s motion for summary judgment, should have precluded the summary judgment. See also Gilhart v. Gilhart (1945), 155 Fla. 562, 20 So.2d 905; Green v. Hood, Fla.App. 1960, 120 So.2d 223.
It may be noted that little confusion will result from this conflict for in the majority of cases the facts will have arisen sin'ce the adoption of Rule 1.11, Florida Rules of Civil Procedure, 30 F.S.A., which had the effect of abolishing the necessity of a special appearance and would preclude the application of Hulsey. However, further examination of the record indicates other conflict likely to cause the kind of confusion that has an unsettling effect on the law and which activates our jurisdiction.
The answer set up the affirmative defense of laches on the part of the husband. This allegation was not dispelled by supporting affidavits in behalf of the husband’s motion for summary judgment. When, in this posture, the chancellor granted the husband’s motion for summary judgment and the District Court affirmed, conflict was created with our decision in Blocker v. Ferguson, Fla.1950, 47 So.2d 694; and with Harrison v. McCourtney, Fla.App.1962, 148 So.2d 53, decided by the District Court of Appeal, Second District.
The answer also set up the defense of title by adverse possession. A search of Florida case law does not reveal any precedent as to whether one tenant-by-the-en-tireties can oust the other of possession so as to start the statute of limitations running. However, there are cases from other jurisdictions wherein the common law doctrine of entireties- exists which hold that after desertion of one spouse -by the other, ouster is possible. Warr v. Honeck, 8 Utah 61, 29 P. 1117, and cases cited therein; Bride v. Walker, 1943, 206 Ark. 498, 176 S.W.2d 148. We do not find it necessary to pass on this question for the facts alleged by the answer filed in this case are sufficient, if proved by the evidence adduced, to show title by adverse possession in the petitioners’ decedent over a period dating from the time of the divorce secured by the • husband until the wife’s death ten years later. This period exceeds the seven years required by the statute.
A tenant-in-common, which a tenant-by-the-entireties becomes after a divorce decree, can’ hold adversely to his co-tenant. Coogler v. Rogers, 1889, 25 Fla. 853, 7 So. 391; Futch v. Parslow, 1912, *696 64 Fla. 279, 60 So. 343. In Coogler this court said that “ * * * this ouster must he proved * * * as by showing that the defendant held adversely, or that he denied the title of his co-tenant, or that he claimed all of the premises for himself, or denied possession to the other, or had held the sole and undisputed possession for a long course of years without payment of rent, and without any claim of any part of the profit by the other co-tenant during the whole time.”
 The answer alleged that the decedent wife had returned the property for taxation as hers solely and had paid taxes on it as such until her death and that she at all times remained in the sole possession of it. The husband concedes that he has lived in Miami since the divorce in 19S3. Knowledge of these facts was, therefore, chargeable to him.
It was error to grant summary judgment in the face of this asserted defense.
As we pointed out in our discussion of the jurisdictional factor, the answer also set up the defense of laches and no affidavits of the husband contradicted or denied this affirmative defense. In such case issues are created upon which evidence should be taken. Blocker v. Ferguson, Fla.1950, 47 So.2d 694; Harrison v. McCourtney, Fla.App.1962, 148 So.2d 53.
For all these reasons the order of the District Court of Appeal, Third District, must be, and is hereby, quashed with directions to remand the case to the lower court for trial of the issues.
It is so ordered.
CALDWELL, ERVIN and BARNS (Retired), JJ., concur.
THORNAL, C. J., and O’CONNELL, J., dissent on jurisdiction.
THOMAS, J., dissents.

. On this point, see Faris v. Williams, 1944, 154 Fla. 6, 16 So.2d 203; Allen v. Allen, Fla. App.1960, 123 So.2d 355.