McCORD, Judge.
This is an appeal from an order of the trial court granting appellee’s motion to dismiss with prejudice. Appellant sought to have a constructive trust impressed upon 160 acres of land in Washington County, Florida, in favor of the. heirs of Wesley Potter, Sr., and Matilda Anna Potter, his wife. The land, alleged to have been homestead, was conveyed in 1919 by the aforesaid husband and wife to two of their nine children, Leslie Potter and Wesley Potter, Jr., allegedly without consideration. Appellant contends the 1919 deed was given by the parents to two of their sons solely for the purpose of the grantees obtaining a loan to help their brother; that the purpose of the deed was thwarted as no loan was obtained. The two grantees after the deaths of their parents and after waiting forty-nine years from the original conveyance recorded the deed in 1968.
The trial court in dismissing this cause found that all issues raised in this cause were previously adjudicated (by another judge) in Wilmon Potter, et al. v. Leslie Potter et al. (Case No. 4666, Fourteenth Judicial Circuit in and for Washington County). That suit was a partition suit involving the same tract of land and appellant was a party there. Appellant states in her brief that the sole issue before the *719 court in the partition suit was the legal sufficiency and validity of the 1919 deed; that the court in its order of November 30, 1970, found the deed valid and retained jurisdiction for the purpose of division of the property. That trial was not reported.
Appellant apparently contends that she has newly discovered evidence which was not considered by the court in the partition suit and which, if presented, would have brought about a different result.
Rule 1.540, Rules of Civil Procedure, 31 F.S.A.,- — Relief from Judgment, Decrees or Orders — limits the time within which a motion for new trial may be granted for newly discovered evidence to a period of one year, but the rule further states as follows:
“This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.” (Emphasis supplied.)
The trial court was correct in dismissing the complaint as drafted, but it is possible that appellant can state a cause of action for fraud upon the court under the above quoted provision of Rule 1.540 if she is allowed to amend. While the above rule was not argued before the trial court or this court, we consider, in the interest of justice, under the facts alleged in this case, that appellant should be allowed to amend her complaint if she desires to so do. Our duty in this regard is to administer justice to the parties and not to merely referee a game between opposing counsel. We do not mean to infer, however, that fraud upon the court can be alleged or proved by appellant, but we merely consider that she should be given an opportunity to amend if she wishes to do so.
Affirmed in part and reversed in part and remanded with directions to the trial court to permit appellant to file an amended complaint.
SPECTOR, Acting C. J., concurs.
BOYER, J., dissents.