COPE, Judge
(specially concurring).
I completely agree that under Florida Rule of Civil Procedure 1.140 the issue was waived. See Valjean Corp. v. Heininger, 559 So .2d 677, 678 (Fla. 3d DCA 1990).
In my view we should avoid use of the terms “general appearance” and “special appearance.” Concededly there are post-1948 cases like Coyne v. Coyne, 325 So.2d 407 (Fla. 3d DCA), cert. denied, 339 So.2d 1168 (Fla.1976), which explicitly analyze the issue in terms of “general appearance” versus “special appearance,” but the analysis is obsolete because the adoption of the Florida Rules of Civil Procedure in 1948 “had the effect of abolishing the necessity of a special appearance....” Kennedy v. Vandine, 185 So.2d 693, 695 (Fla.1966); accord Public Gas Co. v. Weatherhead Co., 409 So.2d 1026, 1027 (Fla.1982); see also Henry P. Trawick, Jr., Trawick’s Florida Practice & Procedure § 10-8, at 181 (1993 ed.); 1 Fla.Jur.2d Actions §§ 89-90 (1977). The term “general appearance” is now used colloquially to announce the legal conclusion that a party has waived a challenge to personal jurisdiction, either by not timely asserting it, or by making a claim for affirmative relief in the case. The use of the term “general appearance” is confusing to practitioners, however, because it continues to suggest that practitioners should intone some “magic words” of special appearance lest they be deemed to have waived the jurisdictional point. It would be preferable to rest analysis exclusively on Rule 1.140.