PER CURIAM.
This is an appeal of a sua sponte order vacating a summary final judgment. The trial court based its ruling on the erroneous conclusion that it lacked subject matter jurisdiction due to a “venue selection” clause in an equipment lease. We reverse and remand to the trial court to reinstate the summary final judgment. A forum selection clause does not oust a court of its jurisdiction; it merely provides a court with a reason to refrain from exercising its jurisdiction. Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986); see M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Appellees waived any objection to the case being heard in Florida where they submitted to the court’s jurisdiction by admitting in their answer that Broward County was the appropriate venue. See Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987).
REVERSED AND REMANDED.
WARNER and GROSS, JJ., and HAUSER, JAMES C., Associate Judge, concur.