PER CURIAM.
We reverse an order granting Appellee’s motion to quash service of process and vacating a default and final judgment for lack of jurisdiction over the person.
The record reflects that notwithstanding faulty service, and after entry of the default judgment, Appellee appeared by counsel, who filed an appearance and moved for relief from the default and judgment without questioning service of process. The default was entered in August, 1995. In September, Ap-pellee filed his first motion to set aside the default. This motion was rejected and the judgment was entered. Appellee’s counsel then filed a motion to vacate the final judgment and for reconsideration of his motion to set aside the clerk’s default, again without challenging the service of process, which was denied.
In April of 1996, Appellee moved for reconsideration or for relief from judgment under rule 1.540, his third motion for relief without mentioning service of process. He also filed an answer and affirmative defenses, apparently as a proposed answer in the event relief were granted, still without mentioning defective service. It was not until the following month that Appellee sought to quash service.
Clearly, Appellee’s failure to contest service of process at the earliest opportunity constituted a waiver of that issue. See, e.g., Cumberland Software, Inc. v. Great American Mortg. Corp., 507 So.2d 794 (Fla. 4th DCA 1987); Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982). See also Fundara v. Canadiana Corp., 409 So.2d 1099 (Fla. 4th DCA 1982); Tampa Associates, Ltd. v. Miami Elevator Co., 545 So.2d 458 (Fla. 3d DCA 1989); EGF Tampa Associates v. Bohlen, 532 So.2d 1318 (Fla. 2d DCA 1988); Bay City Management, Inc. v. Henderson, 531 So.2d 1013 (Fla. 1st DCA 1988).
We remand for the trial court to reinstate the final judgment.
STONE, C.J., and FARMER and KLEIN, JJ., concur.