ORFINGER, J.
 

 In its petition for writ of mandamus, R.H. Donnelley Publishing
 
 &
 
 Advertising, Inc. asks this Court to excuse its failure to file a timely notice of appeal directed to the circuit court’s “Final Judgment,” which concluded that it lacked subject matter jurisdiction to adjudicate the parties’ contractual dispute. Instead, Donnelley seeks appellate review, utilizing the instant mandamus petition.
 
 [1]
 
 “[Mjandamus is available ‘[i]f a lower court, without sufficient reason, neglects or refuses to act on a matter within its jurisdiction ... unless the aggrieved party has an adequate remedy by appeal.’ ”
 
 Coral Springs Tower Club II Condo. Ass’n v. Dizefalo,
 
 667 So.2d 966, 967 (Fla. 4th DCA 1996) (quoting
 
 Flagship Nat’l Bank of Miami v. Testa,
 
 429 So.2d 69, 70 (Fla. 3d DCA 1983)). Because Don-nelley had an adequate remedy available by filing a timely direct appeal, which it failed to do, we conclude that the instant petition should be denied.
 

 MANDAMUS DENIED.
 

 GRIFFIN and COHEN, JJ., concur.
 

 [1]
 

 . Donnelley's argument on the merits appears to be valid to the extent that it contends that the circuit court incorrectly concluded that it did not have subject matter jurisdiction over the case due to a forum selection clause in the contract at issue. A forum selection clause concerns the appropriate venue of a case. "Venue and jurisdiction are not synonymous; rather, venue concerns the privilege of being accountable to a particular court in a particular location, whereas jurisdiction is " 'the power to act,’ the authority to adjudicate the subject matter.”
 
 Taurus Stornoway Invs., LLC v. Kerley,
 
 38 So.3d 840, 842 (Fla. 1st DCA 2010) (quoting
 
 Bush v. State,
 
 945 So.2d 1207, 1211 (Fla.2006));
 
 see Steckel v. Blafas,
 
 549 So.2d 1211, 1213 (Fla. 4th DCA 1989) (”[W]e are not compelled to accept the parties' stipulated choice of forum as controlling on the question of whether the lower court had jurisdiction.”).