LEVINE, J.
The issue presented is whether the trial court erred in setting aside a final judgment, where the trial court found that it lacked personal jurisdiction over the husband, despite the fact that the husband actively participated in the proceedings. We find the trial court erred since the husband’s appearance at a prior hearing waived any objection that he may have had as to defective service of process. We reverse.
The wife filed a petition for dissolution of marriage in 2005. Since the wife was unable to locate the husband, the wife was granted permission to notice the suit by publication. The husband did not answer the petition, and a default final judgment of dissolution of marriage was entered in 2006. The trial court also awarded the wife the marital residence, two of the couple’s three cars, permanent alimony, and attorneys’ fees and costs.
In 2008, the wife filed a motion to enforce the final judgment. On May 14, 2008, the husband’s counsel filed a notice of appearance in the case. The husband then appeared pro se at the hearing before a general magistrate on June 5. At the hearing, the husband participated and told the magistrate that he had not paid because he “was not aware of the entry of the Final Judgment.” The trial court adopted all of the recommendations of the general magistrate that the husband pay all alimony arrearages and court costs on July 14, 2008.
Meanwhile, on June 8, the husband’s counsel filed a motion to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b) and Florida Family Law Rule of Procedure 12.540, which the trial court granted. The trial court found that the husband was never personally served with a petition for dissolution of marriage. The trial court concluded, since the husband was never served, that the trial court lacked jurisdiction to resolve the claims regarding alimony, the marital residence, and other matters pertaining to the parties’ assets and liabilities. The trial court concluded that the final judgment entered in 2006 was void, “except as to the granting of the Dissolution of Marriage itself.”
The trial court’s rulings related to personal jurisdiction and service are reviewed de novo on appeal. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002). Where a party has not received notice of an action and does not participate in the *840 proceedings, the judgment may be voided. Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990); Kirchoff v. Jenne, 819 So.2d 959, 962 (Fla. 4th DCA 2002).
The husband here complained to the trial court of the adjudication of his property rights and alimony by constructive service of process. Generally, service of process by publication, like in the present case, would not be sufficient to determine issues related to alimony and property. Constructive service of process “confers only in rem or quasi in rem jurisdiction upon the court.” Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227. (Fla.1986). With respect to issues surrounding the dissolution of a marriage, the Florida Supreme Court stated, in pertinent part, the following:
The concept of “divisible divorce” ... recognizes that a dissolution proceeding has two separable aspects, that which relates to the marital res and that which relates to the property rights and obligations of the parties. While constructive service is sufficient for an adjudication of the former, personal jurisdiction is generally required for a determination of the latter.
Davis v. Dieujuste, 496 So.2d 806, 808 (Fla.1986); see also § 49.011(4), Fla. Stat. (2006) (permitting service by publication “[f]or dissolution or annulment of marriage”).[1]
However, in this case, because the husband voluntarily appeared and participated at the hearing before the general magistrate, he has waived his right to challenge the court’s jurisdiction. “It is well established that ‘[i]f a party takes some step in the proceedings which amounts to a submission to the court’s jurisdiction, then it is deemed that the party waived his right to challenge the court’s jurisdiction regardless of the party’s intent not to concede jurisdiction.’ ” Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (quoting Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987)). Thus, the trial court erred in setting aside the final judgment on the grounds of lack of personal jurisdiction, inasmuch as the husband participated in this case without raising a contemporaneous objection to the court’s exercise of jurisdiction. Id.; see also Gilhart v. Gilhart, 155 Fla. 562, 20 So.2d 905, 906-07 (1945) (finding counsel’s “special appearance” that raised issues “go[ing] to the merits of the controversy” waived any defects in the “attempted constructive service of process”).
The fact that the husband did not appear and participate in the case until after rendition of the final judgment is irrelevant. The husband’s post-judgment participation at a hearing, along with his counsel’s notice of appearance, without a simultaneous objection to service of process, would still result in a waiver of the husband’s right to contest the trial court’s exercise of personal jurisdiction. Johnson v. Dep’t of Revenue ex rel. Lamontagne, 973 So.2d 1236, 1239 (Fla. 1st DCA 2008) (“[Ajlthough a court has already entered judgment, a party waives the right to con *841 test personal jurisdiction by entering a general appearance without contesting personal jurisdiction at the same time.”); Dep’t of Revenue ex rel. King v. Blocker, 806 So.2d 607, 609-10 (Fla. 4th DCA 2002) (holding the defense of insufficient service was waived where the defendant made a general appearance at a contempt hearing after entry of the final judgment).
We conclude that the husband’s actions constituted submission to the jurisdiction of the circuit court, and the trial court’s vacatur of the final judgment was in error. We reverse and remand for reinstatement of the final judgment.

Reversed and remanded.

HAZOURI and CIKLIN, JJ., concur.

. The husband was a Florida resident, and the court could have exercised personal jurisdiction over the husband had he been properly served. Haueter-Herranz v. Romero, 975 So.2d 511, 516 (Fla. 2d DCA 2008) (noting the circuit courts have personal jurisdiction over all residents of Florida). Because the wife did not make personal service of the summons and complaint on the husband, however, the trial court lacked the ability to exercise that jurisdiction. Borden v. East-European Ins. Co., 921 So.2d 587, 591 (Fla.2006) ("Personal jurisdiction refers to whether the actions of an individual ... permit the court to exercise jurisdiction in a lawsuit.... Service of process ... enables the court to exercise jurisdiction over the defendant and proceed to judgment.”).