SWANSON, J.
Appellant seeks review of the trial court’s order setting aside a default judgment against appellees based upon a finding of excusable neglect. Because the trial court acted on its own motion without ap-pellees making the required evidentiary showing of excusable neglect, a meritorious defense, and due diligence, we reverse and remand for further proceedings.
Appellant filed a complaint against ap-pellees for breach of contract, open account, and unjust enrichment relating to the purchase of a motor home. The complaint was served on appellees, both of whom resided in Santa Rosa County, Florida. When appellees failed to file an answer or any other pleading, the clerk of the court entered a default, and the trial court entered a default judgment. Over three months later, appellees filed a motion to vacate the default judgment as void, claiming the trial court lacked subject matter jurisdiction over the case because the contract contained a forum selection clause indicating that “[i]n the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in Pennsylvania, unless otherwise required by law.”
The trial court granted appellees’ motion and vacated the default judgment upon finding that the forum selection clause deprived the trial court of subject matter jurisdiction. The trial court also dismissed appellant’s complaint. Appellant then filed a motion for rehearing. At the conclusion of the hearing on the rehearing motion, the trial court concluded it did have subject matter jurisdiction in the case, but determined on its own motion that the default judgment should be set aside based upon excusable neglect. The trial court then entered an order granting appellant’s motion for rehearing, reinstating the case, and vacating the default judgment based upon excusable neglect. This appeal follows.
As an initial matter, we note the trial court is restricted in providing relief from judgments, decrees, or orders to the limited number of grounds set forth in Florida Rule of Civil Procedure 1.540. Bortz v. Bortz, 675 So.2d 622, 625 (Fla. 1st DCA 1996); Pruitt v. Brock, 437 So.2d 768, 778 (Fla. 1st DCA 1983). The trial court’s ruling on a motion for relief from a default judgment is reviewed under the abuse of discretion standard. Se. Land Developers, Inc. v. All Fla. Site & Utils., Inc., 28 So.3d 166, 167 (Fla. 1st DCA 2010). A greater showing of abuse of discretion is needed to reverse the grant of a motion to vacate a default than to reverse the denial of such a motion. Tutwiler Cadillac, Inc. v. Brockett, 551 So.2d 1270, 1272 (Fla. 1st DCA 1989); Zimmerman v. Vinylgrain Indus. of Jacksonville, Inc., 464 So.2d 1353, 1354 (Fla. 1st DCA 1985). “The longstanding policy in Florida is one of liberality toward vacating defaults, and any reasonable doubt with regard to setting aside a default should be resolved in favor of vacating the default and allowing trial on the merits.” Allstate Ins. Co. v. Ladner, 740 So.2d 42, 43 (Fla. 1st DCA 1999).
In this case, appellant claims the trial court abused its discretion in vacating the default judgment against appellees based upon a finding of excusable neglect, asserting that appellees never moved to vacate the default judgment on this ground and never offered evidence of excusable neglect, a meritorious defense, and due diligence. Although the applicable rule was not specifically identified in the trial court’s order, it appears the trial court vacated the default judgment pursuant to rule 1.540(b)(1), which permits a court to *1009 vacate a judgment based upon “mistake, inadvertence, surprise, or excusable neglect.” Appellant correctly notes appel-lees never sought to vacate the default judgment pursuant to rule 1.540(b)(1); rather, they sought to vacate the default judgment as void pursuant to rule 1.540(b)(4) because the forum selection clause in the contract deprived the trial court of subject matter jurisdiction over the case.
Ultimately, the trial court correctly concluded the forum selection clause in the contract did not deprive the court of subject matter jurisdiction over the case. See Manrique v. Fabbri, 493 So.2d 487, 439 (Fla.1986); Taurus Stornoway Invs., LLC v. Kerley, 38 So.3d 840, 842 (Fla. 1st DCA 2010); Copeleo Leasing Corp. v. Best Photo Shop, Inc., 678 So.2d 17, 18 (Fla. 4th DCA 1996). Accord R.H. Donnelley Publ’g & Adver., Inc. v. Law Office of Patricia K. Herman, P.A., 44 So.3d 208, 208 n. 1 (Fla. 5th DCA 2010). Instead, the trial court determined on its own motion at the conclusion of the hearing on appellant’s motion for rehearing that the default judgment should be set aside based upon excusable neglect. However, the trial court could not set aside the default judgment based upon excusable neglect where such an issue was not presented by the pleadings, noticed for hearing, or litigated by the parties. See Neumann v. Neumann, 857 So.2d 372, 373 (Fla. 1st DCA 2003) (“It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process.”). Moreover, appellant correctly asserts, and appellees properly concede, that appellees failed to make the necessary evi-dentiary showing of excusable neglect, a meritorious defense, and due diligence. See Household Fin. Corp. III v. Mitchell, 51 So.3d 1238, 1241 (Fla. 1st DCA 2011) (holding that a party moving to set aside a default must show that the failure to file a timely responsive pleading was due to excusable neglect, that there is a meritorious defense to the claim, and that the request for relief from default was made with reasonable diligence after it was discovered).
 For the first time in their answer brief, appellees claim the trial court properly set aside the default judgment because appellant failed to properly allege personal jurisdiction over appellees in its complaint. However, it appears undisputed that appellees were served with process in Florida, where they are currently living. Moreover, a challenge to personal jurisdiction is waived if it is not raised in a party’s first filing in the case. Chancelor v. BWC Invs., 57 So.3d 969, 971 (Fla. 4th DCA 2011). Because appellees participated in the proceedings below without making any objection to the lack of personal jurisdiction, appellees waived their right to contest the trial court’s exercise of personal jurisdiction. See Scott-Lubin v. Lubin, 49 So.3d 838 (Fla. 4th DCA 2010); Caldwell v. Caldwell, 921 So.2d 759 (Fla. 1st DCA 2006); Solmo v. Friedman, 909 So.2d 560 (Fla. 4th DCA 2005); Boice v. Wamstedt, 696 So.2d 448 (Fla. 4th DCA 1997); EGF Tampa Assocs. v. Edgar V. Bohlen, G.F.G.M. A.G., 532 So.2d 1318, 1321 (Fla. 2d DCA 1988).
If this court rejects their argument that the trial court’s order should be affirmed based on a lack of personal jurisdiction, appellees claim they could establish excusable neglect, a meritorious defense, and due diligence on remand. Appellant responds this would be improper and fundamental error, citing Purcell v. Deli Man, Inc., 411 So.2d 378 (Fla. 4th DCA 1982), which held the trial court committed fundamental error in entertaining a second rule 1.540(b) motion to set aside a default judgment when the grounds in the second *1010 motion could have been raised in the first motion, which had been denied and never appealed. Clearly, the second motion in Purcell was barred under principles of res judicata. See also Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971). The procedural posture of this case is quite different from Purcell since it involves remanding the case to the trial court following the reversal of an order granting an initial rule 1.640(b) motion to set aside a default judgment. Unlike in Purcell, there is no res judicata issue here. Given the liberal policy toward the vacating of defaults, we believe it is appropriate to remand with directions that appellees be given the opportunity to file an amended rule 1.540(b) motion and to present evidence of excusable neglect, a meritorious defense, and due diligence. See Potter v. Potter, 293 So.2d 718 (Fla. 1st DCA 1974); In re Aston’s Will, 262 So.2d 246 (Fla. 4th DCA 1972).
REVERSED and REMANDED with directions.
WETHERELL and MARSTILLER, JJ., concur.